CALVIN FLETCHER, Sheriff, appellant, *vs.* JOSEPH MOTT, JOSEPH *Grand-Isle,*
M. MOTT, and WILLIAM RUSSELL, appellees. *January,*
*1826.*

It is a general rule, that if a judgment lie dormant more than a year and a day, there must be a *scire facias* to revive it; and if, instead of bringing *scire facias,* or action of debt on the judgment, the plaintiff sues out execution, the court, upon motion, will set it aside, with costs.

An execution issued on a judgment, after a year and a day, is not void, but voidable, merely; and the sheriff is bound to execute it, and in an action against him for an escape, the irregularity is no defence.

But such execution in some cases is not voidable, as where stayed by error, and the plaintiff in error becomes non-suit.

As an execution may, in some cases, regularly issue after the year and a day: where it does issue after that period, the presumption in law is, that it issued regularly.

In an action of debt on jail-bond, where it appeared from the declaration, that the execution upon which the debtors were committed, was issued more than a year and a day after the rendition of the judgment—*Held,* that if the execution was irregularly issued, and if such irregularity could be taken advantage of by the bail, it would nevertheless be incumbent on them so to plead the matter, that the plaintiff could reply the cause of the delay—and such declaration was adjudged sufficien t on general demurrer.

THIS was an action of debt on jail bond, in common form; but it appeared from the declaration, that the execution, by virtue of which the judgment debtors were committed to the custody of the plaintiff as keeper in chief of the jail, was issued more than a year and a day after the rendition of the judgment against them, and no reason was assigned in the declaration for the delay.

General demurrer, to the declaration, and joinder in demurrer.

*Brown,* in support of the demurrer. It appears from the plaintiff's declaration, that more than a year and a day had elapsed after the rendition of judgment, before the praying out of execution, upon which the two *Motts* were committed, and this being shown and well appearing from the declaration, shows that the officer could not justify committing the *Motts,* and that the jail bond taken by him is wholly without foundation and void, and cannot entitle the plaintiff to recover.—1 *Chitty's Pl.* 255.

This may be well taken advantage of, by demurrer, for the plaintiff should set forth enough to entitle him to recover, and if there is nothing in the case further than is shown by the pleadings, judgment cannot be rendered for the plaintiff.

There can be no necessity of pleading specially, that which clearly appears from the declaration. The defendants need not say that more than a year and a day elapsed between judgment and execution, for this is already apparent from the record as it now stands, and a demurrer fully presents the question, unless it be said that the defendants should plead this fact, in order to give the plaintiff opportunity to set forth some new matter which, taken in connexion with the declaration, will show a good right to a judgment. The court will however presume no such matter exists, or the declaration would have shown it, as the law presumes strongly against the party pleading.—2 *Term Rep.* 569.

*Grand-Isle,*
*January,*
*1826.*

*Fletcher*
*vs.*
*Mott et al.*

*Aldis, contra.* An execution issued after the year and day from the rendition of the judgment, is in many cases perfectly good to all purposes, and as to all persons. As when a writ of error has prevented the issuing of it within the year. (*Cro. Jac.* 364.—*Cro. Eliz.* 416.—1 *Strange,* 301.—1 *Salk.* 322.) Or an injunction from Chancery.—2 *Burr.* 660.—2 *N. Y. Dig.* 386.—4 *Mass. Rep.* 485.—4 *Wheaton's Rep.* 503.

It is not necessary that the causes which may have prevented the issuing of the writ of execution within the year, should appear of record, or be inserted in the execution.—6 *Mod.* 288.

Therefore a demurrer on this ground cannot be sustained, but the defendant should plead so as to enable the plaintiff to reply the cause of the delay.

[Here Mr. *Aldis* was stopped by the Court, and Mr. *Brown* was desired to show, if he could, why this might not be one of the excepted cases.]

*Brown,* in reply. The plaintiff is bound to make a good case, in his declaration. It cannot be necessary for a defendant to set out that in his plea, which appears on the face of the declaration. That which would make a good defence in a plea, if it appear in the declaration, is equally good as a defence there, and is properly put in issue by a demurrer.

PRENTISS, J. delivered the opinion of the Court.

The objection raised on the demurrer, to the sufficiency of the plaintiff's declaration, is, that the execution, by virtue of which the judgment debtor was committed to prison, appears to have been issued more than a year and a day after the judgment; and it is insisted, that this irregularity, so appearing, from the declaration, renders the arrest and imprisonment of the debtor unlawful, and, consequently, the bond given for the liberties of the prison-yard void. It is generally true, that if a judgment lies dormant more than a year and a day, there must be a *scire facias* to revive it: and if, instead of bringing a *scire facias* or an action of debt upon the judgment, the plaintiff sues out an execution, the Court, upon motion, will set it aside, with costs. (2 *Wils.* 82.—*Barnes,* 197.) But it has been repeatedly adjudged, and is settled law, that the execution is not void, but is voidable merely, and until it is reversed or set aside, it is a good justification to the sheriff, and also to the party. [10 *Vin. Abr.* 570.—*Patrick* vs. *Johnson,* 3 *Lev.* 403.—*Shirley* vs. *Wright,* 1 *Salk.* 273.—*Martin* vs. *Ridge, Barnes,* 206.—*Jackson* vs. *Bartlett,* 8 *Johns. Rep.* 365.) The sheriff is bound to execute the writ, and in an action against him for an escape, the irregularity is no defence, for he cannot allege error either in the process or judgment, as an excuse for an escape. [*Bull* vs. *Steward,* 1 *Wils.* 255.—*Ognel* vs. *Paston, Cro. Eliz.* 165.—*Burton* vs. *Eyre, Cro. Jac.* 288.—*Prigg.* vs. *Adams,* 2 *Salk.* 674.—2 *Saund.* 101, *y. n.* 2.—*Scott* vs. *Shaw,* 13 *Johns. R.* 378.—*Cabb* vs. *Cooper,* 15 *Johns. R.* 152.] In *Bissell* vs. *Kip,* 5 *Johns. R.* 89, Kent, Ch. J. says, "the rule appears to be well settled, by a uniform series of decisions, that in all cases where

the execution is not void, but only avoidable and erroneous, the sheriff who is sued for an escape, cannot take advantage of error in the process, to deliver himself from the action for the escape.

The erroneous process is a sufficient warrant for him; he can- not take advantage of the defect in a collateral action; the process stands good until the party avoids it by error." In an action by the judgment creditor against the present plaintiff, the sheriff, for the escape, it is clear that the plaintiff could not object to the regularity of the execution; and it is equally as clear, that the debtor having submitted to the execution without objection, and executed the bond declared on to the plaintiff for his indemnity, neither the debtor nor his bail can now take advantage of the irregularity in this action. That bail cannot take advantage of any such irregularity, is a principle well established. [*Campbell* vs. *Cumming* et al. 2 *Burr.* 1187.—*Gillespie* vs. *White,* 16 *Johns. Rep.* 117.] Nor can the party himself impeach the execution by plea, or avail himself of the irregularity in any collateral action. His remedy is by application to the court by motion, or by error; or, perhaps, by an *audita querela ;* and until the execution is set aside, or avoided in one of these ways, it is good and valid. But an execution issued more than a year and a day after the judgment, is not in all cases even voidable, but in many cases is perfectly regular, and cannot be avoided by any proceeding for that cause. If the plaintiff have judgment with a *cessit executio,* or stay of execution for a year, or if the defendant bring a writ of error, and thereby hinder the plaintiff from taking out execution within the year, and the judgment be affirmed, the plaintiff in error nonsuited, or the writ of error abated or discontinued; or if the defendant delay the cause by injunction out of chancery; in any of these cases, the plaintiff may proceed to execution after the year, without a *scire facias.* [*Booth* vs. *Booth,* 6 *Mod.* 288.—*Goodwin* vs. *Grudge, Cro. Eliz.* 416.—*Bellasis* vs. *Hanford, Cro. Jac.* 364.—2 *Tidd's Pr.* 1116.— *Michell* vs. *Coe,* et ux. 1 *Burr.* 660.] Some of these causes may have prevented the issuing of the execution, within the year, in this case; and if so, the execution was neither erroneous nor voidable. As we cannot presume that no such cause existed, it must be intended, on demurrer to the declaration, that the execution was regularly issued. Admitting, therefore, the irregularity, if any existed, to be a defence to the action, it must at all events have been pleaded, and set forth in such form, as to give the plaintiff an opportunity to reply the cause of delay, and show the execution regular. In every view of the case, the declaration is sufficient, and the plaintiff is entitled to judgment.

Judgment for the plaintiff.

Royce, J. having been of counsel, did not sit in the cause.

*Asa Aldis* and *John Davis,* for the plaintiff.

*S. S. Brown,* for the defendants.