*Caledonia,*
*March, 1826.*

ISRAEL CARLTON, appellee, *vs.* OTIS YOUNG, appellant.

That, in a declaration, which would not be reached by a general demurrer, cannot be taken advantage of under a special demurrer to the plea.

A *scire facias* is a judicial writ, and can issue only from the court in which the judgment was rendered, which is sought to be enforced by it.

The several statutes giving jurisdiction to justices of the peace in civil cases, and restraining that of the county courts, relate to cases of original jurisdiction, and not to judicial writs.

A *scire facias* will lie in the county court, upon a recognizance of ten dollars entered into before a justice of the peace, conditioned to prosecute an action commenced before him, where the action, has been carried by appeal to the county court, and final judgment has been rendered therein, in such county court.

This was a writ of *scire facias*, brought to the county court, upon a recognizance of ten dollars, originally entered into by the defendant, before a justice of the peace, conditioned that one *Samuel Eastman*, who had brought an action against the plaintiff, before said justice, should prosecute the same to effect, and answer all damages, if judgment should be rendered against him. That action having been carried by appeal to the county court, the plaintiff recovered judgment therein, against the said *Eastman* for his costs, taxed and allowed at $7,58.

The plaintiff thereupon sued out this writ, returnable to said county court, at their June term, 1824.

Plea, to the jurisdiction of the county court.

Demurrer to said plea, and joinder in demurrer.

The cause came into this court upon the same pleadings.

*Prentiss*, in support of the demurrer. The ground on which we expect to maintain the jurisdiction, is, that it is a case not provided for in the statutes giving jurisdiction to justices of the peace.

A *scire facias*, when founded on a judgment or recognizance, is a judicial writ, and must issue from the court where the record is, on which the action is brought.—1 *Swift's Dig.* 583.

1. It lies on all recognizances, before any court, to prosecute an action, or an appeal.—1 *Swift's Dig.* 584.

2. Where the defendant means to deny the existence of the judgment or recognizance, he must plead *nul tiel record.*—*Swift's Dig.* 730.

In a declaration upon a recognizance entered into before a justice of the peace, the recognizance ought to be set out as a record of the court to which it is returned.—7 *Mass.* 340, 396.

A *scire facias* upon a recognizance must be sued in the court where the recognizance is entered of record.—7 *Mass.* 340.— 9 *Mass.* 520.

Now in the present case, this is a *scire facias* to have execution. It is clear that execution can issue only from the court where the judgment is. Here was an appeal from the justice of the peace to the county court. By the appeal, the record was removed to the county court, and the judgment was rendered *in* the county court. It would be strange to say that the county court had no means to carry into effect its judgment.

The *scire facias*, then must necessarily issue from the county court, for it is to have execution *of* that judgment on this recognizance.

We apprehend, therefore, that the jurisdiction of the county court is sustained.

*Mattocks, contra.* We accede to the authorities cited from Massachusetts. But the record of this recognizance is in the justice's court. Where the condition of the recognizance is to prosecute in a higher court, the recognizance must be sued in the court where it is returned. But, where it is for the prosecution *in* the justice's court, and the cause is carried from that court by appeal, then the record of the recognizance remains in the justice's court, and must be sued there. This recognizance of ten dollars is the gist of the action, and the after proceedings are merely collateral to it.

2. If we are incorrect in this, we have a right to go back to the first fault in pleading. The declaration is insufficient, in that it is not averred, that the recognizance on which the suit is brought, has become matter of record in the county court.

3. If a *scire facias* will not lie before a justice of the peace, it will not lie in the county court; for the statute giving jurisdiction to justices of the peace to the amount of $100, virtually takes away any such common law remedy.

A statute repeals the common law. [1 *Black. Com.* 89.] This statute is highly beneficial, and ought to be construed liberally. A plain remedy is given by action of debt before a justice of the peace.

HUTCHINSON, J. delivered the following opinion, in which ROYCE, J. concurred. This is a *scire facias*, brought directly before the county court, upon a recognizance of ten dollars. The defendant filed a plea to the jurisdiction of the county court, alleging that a justice of the peace had jurisdiction of the demand. To this plea the plaintiff demurred, and the defendant joined in demurrer. A decision was made upon this plea in the county court, and an appeal taken to this court, and the cause has been argued upon the same pleadings. The defendant, however, in argument, objects to the declaration for want of an averment that the recognizance on which the suit is brought had become matter of record in said county court.

On perusing the declaration, we find in it a recital that one *Samuel Eastman* sued *Carlton*, the present plaintiff, before a justice of the peace, and *Young*, the present defendant, entered into the recognizance in question, in the common form, as security for cost, if the then plaintiff should fail to recover; that the plaintiff, *Eastman*, recovered $65 and his cost; that *Carlton* appealed to the next county court, and duly entered his appeal before said county court; and that *Eastman* then became non-suit, and *Carlton* recovered, before said county court, his cost, taxed at $7,58. Then follows the averment: "all which will appear by the files and records of said county court, in said court re-

maining." Then follows a proper assignment of the breaches of the condition of the recognizance, and an averment that said recognizance yet remains in full force, &c. and that said costs remain unpaid. The declaration then procceds, "as by said bond of recognizance, ready in Court to be shown, may more fully and at large appear." The plaintiff, *Carlton,* then prays for his execution against said *Young* for his said cost, &c. After noticing the averment above recited, there seems no great difficulty in disposing of the objection to the declaration. It does not, to be sure, allege that the recognizance has become a matter of record in the county court. But it does allege the duly entering the appeal, one part of which, by the statute, is the furnishing a copy of all the proceedings before the justice, alleges the giving the recognizance and all the proceedings before the justice and before the county court: and then avers that all this will appear by the files and records of said county court. This objection to the declaration borrows force from the supposition, that the recognizance itself should arrive at the county court, before it becomes a matter of record, as is the case in Massachusetts; whereas it becomes a matter of record before the justice, and his copies, in case of appeal, go to the county court, and are by law made a competent foundation for the proceedings of the county court to the final judgment in the action. If, then, the averment sufficiently shows those records and papers before the county court, which warranted their proceeding to judgment, that must also be sufficient to support a process brought to give effect to that judgment. The strongest shape in which to place this objection is, to call it an argumentative mode of declaring. But it is the usual mode in a *scire facias,* which always is in the language of recitation, and is well enough, especially on a demurrer to a plea which operates upon the declaration only as a general demurrer.

The plea to the jurisdiction involves a question of greater difficulty. It is contended for the defendant, that this recognizance being only for ten dollars, an action of debt might have been brought upon it before a justice of the peace. And, by express statute, the county court cannot take original cognizance of any action originally cognizable before a justice of the peace. This is literally correct. And, if this action had been an action of debt, the county court would clearly have had no jurisdiction. Other questions must, therefore, be decided.

1. Could any justice of the peace have sustained jurisdiction over this action? and, if not, what court has jurisdiction?

2. Have the general statutes, regulating the original jurisdiction of the several courts, any application to this action?

Upon the first point it is urged, that a *scire facias* must be brought before that court, where the recognizance is a matter of record. And the authorities cited are full to this purpose. Then it is further urged, that this recognizance was taken before the justice that issued the first writ, and must be considered a matter of record there. The inference drawn is, that, if a *scire facias*

will lie any where, it must be before that same justice; and the defendant contends, that it might there be brought, and relies upon the 7th and 9th of *Mass. Reports.* Those authorities are in point to show, that the *scire facias* must be brought before the court where the recognizance is of record. But the Court are of opinion that this action, under all its circumstances, could not be brought before the justice. It would contravene another principle as well established, to wit, that a judicial writ, to give effect to a judgment, must be brought before that court which rendered the judgment. But, in this case, the county court rendered the judgment that the plaintiff now wishes to enforce by this *scire facias;* so that, upon this principle, the county court has jurisdiction.

Now, can these principles be reconciled; or, is the plaintiff deprived of this judicial writ by their seeming opposite tendency? This seeming difficulty arises from our actions going from one court to another by appeal, and final judgment being rendered in a different court from that in which the action begun. But the truth is, this difficulty is less real than imaginary; for an appeal from the judgment of a justice to the county court puts an end to that judgment, and the whole action goes up, without any judgment in force, and goes to trial anew in the county court. Just so of appeals from the county court to the supreme court, as heretofore in practice. And the statute, requiring certified copies to be carried up and lodged with the court to which the appeal is taken, makes those copies as the originals for the purpose of every future step in such action; as such they are, and ever have been treated, and so must necessarily be treated, or the action would become divided in different courts, and the court appealed to would have but a partial jurisdiction over the action, without the power to do complete justice between the parties. While thus treating the copies as originals, preserves entire that power, necessarily incident to a court of final jurisdiction, to issue all proper process to give effect to their own judgments; and the party recovering such judgment can have the benefit of its exercise in his behalf on all proper occasions. Long practice has rendered familiar the exercise of this power by courts of appellate jurisdiction, in a series of cases perfectly similar to the present: that is, perfectly similar, so far as relates to the certified copies deposited on entering an appeal being treated as originals. We refer to writs of *scire facias,* against the persons who have become bail for the appearance of the defendant, by endorsing the writ.

A writ of attachment issues in regular form, returnable before a justice of the peace. It is served by arresting the body of the debtor, and he procures a friend to become bail by endorsing the writ. The writ is returned, judgment is rendered; an appeal is taken to, and duly entered in, the county court, and final judgment is therein rendered: and an execution is *issued,* delivered to an officer, and a *non est* return regularly made upon it. The plaintiff prays out his judicial writ of *scire facias,* before

*Caledonia.*
*March, 1826.*

Carlton
*vs.*
Young.

such county court, making therein just such a recital as is made in the present writ, only substituting the endorsement of the writ for the entering into a recognizance of ten dollars. This plaintiff succeeds. No one ever doubted of its being a proper remedy. Just so of actions originally commenced before the county court, and appealed to the supreme court, and final judgment rendered there. There also the *scire facias* is brought. And the statute regulating the liability of bail on *mesne process*, (see sec. 29 of judiciary act) says nothing about the question, before what court such writ of *scire facias* shall be brought. There was no need of it, for it is an established judicial writ that must issue from the court rendering the final judgment.

There would, in practice, be as little doubt of the county court's jurisdiction over a *scire facias*, upon a recognizance of two hundred dollars, entered into to prosecute a suit originally commenced before such county court, and judgment rendered there without appeal. And why? Not because the sum was beyond the jurisdiction of a justice. That might be a good reason why an action of debt, if brought at all upon that recognizance, should be brought to the county court; but furnishes no reason why a writ of *scire facias* should be brought there. That must depend upon another principle. The true reason is, the *scire facias* is a judicial writ, and can only issue from that court in which was rendered the judgment now to be enforced *by* such *scire facias.* This being the true reason, the sum is not at all to be regarded, unless the general statutes, soon to be considered, affect the subject. And this judicial writ of *scire facias* extends alike to all recognizances, taken in every stage of an action, to the party who shall finally recover. A suggestion, however, is made of a difficulty that may arise from the circumstance that, of the recognizances taken to prosecute writs, like the present, a minute only is made upon the writ, and no record at large. So of recognizances taken to prosecute appeals. This may, as business is frequently done, create a difficulty to the party about proving his writ of *scire facias :* but it presents no difficulty in point of principle, for the law presumes the business done as it should be, and that full length copies of the recognizances are attached to the record of the action in which they are taken. The reasoning thus far leads to the conclusion, that the county court alone has jurisdiction of this action.

We proceed to examine, secondly, whether the general statutes, regulating the jurisdiction of courts, should have any effect upon this writ of *scire facias.*

The statutes giving jurisdiction to justices of the peace, at different periods, over pleas and actions of a civil nature, not exceeding thirty-three, fifty-three, and one hundred dollars, means original jurisdiction. This seems plain from every view of those statutes, especially from the exceptions they all contain, to wit, "other than actions for slanderous words, false imprisonment, replevin above the sum of seven dollars, trespass

upon the freehold, and where the title of land is concerned." These exceptions are all *of original actions*: hence the presumption is a fair one, that the legislature understood the clause, to which these exceptions are attached, as composed of cases of a similar character; that is, original actions; not judicial writs. The same may also be inferred from the clauses of the statutes regulating appeals, issuing of executions, and affirmance of judgments. Both the old and new statutes, giving the county courts their general jurisdiction, use the expression *original jurisdiction.* (See pages 58 and 119, of the new compilation of the statutes.) These expressions must have been intended to distinguish between original and judicial process. If otherwise construed, they might draw the jurisdiction of judicial process from the Supreme to the county Court. Further, the statute relied upon by the defendant as taking away from the county court the jurisdiction of such actions as are cognizable before justices of the peace, is nicely guarded in this respect. Its expressions are, "that the several county courts shall not hear, determine, or adjudge on any action or suit which is originally made cognizable before a justice of the peace, unless such action be there entered by appeal." (See statute, page 91.) Now we may inquire by what law the judicial writ of *scire facias,* predicated upon a final judgment of the county court, is "originally made cognizable before a justice of the peace?" We know of no statute which appears to attempt such an innovation upon the common law; and we are unwilling to effect the same by construction.

*Caledonia, March, 1826.*

Carlton *vs.* Young.

We will mention one more case by way of illustration. Judgments rendered before justices of the peace are frequently for damages to the extent of their jurisdiction; say fifty-three or one hundred dollars: and the taxable cost is two or three dollars; so that, when a *scire facias* issues against bail, and is determined, the judgment is, that execution issue against him for the sum contained in the first judgment, which go beyond the original jurisdiction of a justice; together with additional costs. Shall it be said that the justice of the peace, who rendered this first judgment, and yet remains in office, has no jurisdiction over this writ of *scire facias?* Probably this would not seriously be contended. There is a strong legislative construction upon this case now stated. The legislature, by a statute, (see page 114,) have undertaken to make provision against a failure of justice in what they supposed to be all possible cases of the liability of bail on *mesne process,* before justices of the peace. Their provision extends to cases where the justice shall have died, or removed out of the state, or be related to such bail; but no mention is made of the case where the judgment exceeds $100, or the extent of the justice's jurisdiction. They probably considered this unnecessary, it coming within that necessary, and well settled principle of law, that the court that once has jurisdiction of an action, retains that jurisdiction, both to render judgment in such action, and to give effect to that judgment, unless superseded by an appeal or writ of error, or other superseding process.

43

*Caledonia.*
*March, 1826.*

*Carlton*
*vs.*
*Young.*

There remains another source of argument to evince, that these statutes mean to regulate original, merely, and not judicial process. We should notice all the statutes, that have any relation to the subject of jurisdiction, and view them in connexion, as forming a system of jurisprudence : and no general expressions should ever be construed to exclude from a statute any specifick provision for a designated case. Now the 13th section of the judiciary act, (page 61st of the statutes,) is of this character, and makes provision for the principal case now before the court. It is as follows. "That the several county couts, and the Supreme Court of judicature, shall have power to issue writs of *scire facias,* habeas corpus, and all other writs not specially provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeably to the principles and usages of law."

The case before us is one of the very cases necessary for the exercise of the jurisdiction of the county court. What purpose is answered, to the plaintiff, by the judgment of the county court, if their jurisdiction stops there, and he must apply to some justice of the peace to obtain the benefit of that judgment ? This *scire facias,* too, is exactly according to the principles and usages of law, if we are correct in considering as originals the copies which accompany the appeal to the county court, as before suggested. We must so consider them for the purpose of testifying the appellate jurisdiction of the county court, and their power to render a final judgment in the original action; and it is as necessary so to consider them, for the purpose of giving effect to that judgment. Hence, the general statutes regulating the jurisdiction of original actions, does not govern this judicial process. This is one of the proper cases for the county court, by virtue of the statute, to issue their judicial writ of *scire facias* to complete the full exercise of their jurisdiction in the original action which was regularly before them, and in which they had rendered a final judgment. The plaintiff has a right to this judicial process, and it can lie no where but where it is brought.

These are the views entertained by a majority of the Court. And the judgment to be entered is, that the plea to the jurisdiction of the county court is insufficient, and that the defendant answer over.

Skinner, Ch. J. Although I have not a settled opinion in this case, I do not concur in the opinion expressed as the opinion of the Court. The debt is only ten dollars, and the action is brought to enhance costs. The law says the *scire facias* must be brought in the court where the record is. This record is the record of the recognizance, and not of the judgment; and the question is, *where is the record?* I think it is with the justice. I do not know but it may be considered as in the county court, but of this I have serious doubts.

Prentiss, J. being of counsel, did not sit in the cause.

*Samuel Prentiss* and *Peter Burbank,* for the plaintiff.

*Charles Story* and *Wm. Mattocks,* for the defendant.