THE WHITE RIVER BANK *v.* WOOSTER DOWNER AND SOLO-
MON DOWNER; CHESTER DOWNER AND JOHN MUNSILL,
*trustees.*

*Payment. Judgment. Execution. Officer's return. Amendment.*

*Held*, that the testimony, *q. v.*, in the present case had no tendency to show a pay-
ment.

A judgment becomes perfect and final when a party is entitled to an execution upon
it. If execution issues by leave of court before the end of the term, an action of
debt upon the judgment may then be commenced.

The existence of an execution which is in force and in the officer's hands for
collection is no bar to an action of debt upon the judgment upon which the exe-
cution issued.

The officer's return on a writ cannot be contradicted or explained by extraneous
evidence or by a reference to the copy of the writ left by him in serving it.

Where in an action of debt on judgment it appeared at the time of trial by the offi-
cer's return on the writ that the suit was brought after the rising of the court at
the term at which the judgment was alleged to have been rendered and the court
so found, and after trial the officer, by leave of court, so amended his return as to
show a service of the writ before the rising of the court; it was held that the
amendment subsequently made could not render the prior finding of the court
erroneous.

DEBT on a judgment recovered at the term of the county court
for the county of Windsor, held on the fourth Tuesday of May,

White River Bank *v.* Downers & trustees.

1854. The defendant, Wooster Downer, who alone defended, plead *nul tiel record* payment, and other pleas as hereafter stated, upon which issues of fact were joined. Trial by jury, May Term, 1856,— UNDERWOOD, J., presiding.

The plaintiff introduced the record of the judgment declared on and rested. The defendant, Wooster Downer, under his plea of payment, called A. P. Hunton as a witness, whose testimony tended to show that Wooster Downer was principal in the note upon which said judgment was predicated, and Solomon Downer surety; that on the 6th of June, 1854, said Hunton was president of the White River Bank; that on that day said Solomon let said Hunton have money enough to cover the amount of said judgment, to wit, five hundred and thirty-nine dollars and fifty-seven cents, for which said Hunton gave said Solomon his individual note, and that said Solomon on the same day turned out said note to Mr. Morgan as security for the judgment, said Morgan being the attorney of the plaintiffs in the original suit; that said Hunton on the same day deposited said money in the bank to his own credit on the bank books, where it has ever since remained, and that since that time said Solomon, by consent of said Morgan, has had the control and management of the execution issued on said judgment. Hunton further testified that he did not receive the money as pay for the judgment. The testimony further tended to show that this suit was commenced by Morgan by direction of Solomon Downer.

The counsel for Wooster Downer insisted that the evidence tended to show a payment, and claimed to go to the jury to find that fact. The counsel for Wooster Downer further insisted that upon this showing the plaintiff was not entitled to recover, and requested the court so to charge the jury, but the court refused so to charge, but told them if they believed that Solomon Downer was surety in the original note, and found the other facts which the testimony tended to show, the plaintiff was entitled to recover the amount of the judgment declared on, after deducting the amount indorsed on the execution.

· The defendant's third and fourth pleas alleged that " at the time of the commencement of this suit, said judgment, if any such

there be and then was, was in full life upon which an execution had just previously thereto been issued in due form of law, by special leave of court, during the session of said court at said May Term thereof, 1854, when said pretended judgment was rendered, dated the —— day of June, 1854 ; which said execution was at the commencement of this suit in full life and force, and had over thirty days of its said life then unexpired ; and said execution was, before the commencement of this suit, duly put into the hands of a legal officer for collection, and was then in the hands of such officer, and that by virtue thereof such officer, both before and after the commencement of this suit, proceeded to and did levy the same upon certain personal property belonging to said Wooster, to wit, two hundred sheep, a yoke of oxen, ten tons of hay, a horse and wagon, and other property, all of great value, to wit, of the value of five hundred dollars, and after the commencement of this suit such officer, by virtue of said execution, sold said property at public auction, in due form of law, to satisfy said execution."

" And for a further plea," &c., that " at the time of the commencement of this suit said county court for said Windsor county at the May Term thereof, 1854, when said pretended judgment was rendered, if any such was ever rendered, was then in session and had not adjourned, and that no final and conclusive judgment was or could have been rendered at said term in favor of the plaintiff against said Wooster and Solomon as is alleged in said declaration at the time of the commencement of this suit."

It appeared that the May Term of the court in 1854 closed on the 24th of June, but that the judgment declared upon was entered up and an execution issued upon it by leave of court on the 6th day of June. The execution, it appeared, was levied on the 7th of June on two hundred sheep and forty-seven lambs belonging to the defendant Wooster Downer, which were sold on the 22d of that month ; and subsequently on the 29th of July it was levied on a quantity of hay belonging to Wooster Downer, which was sold on the 12th of August following. The writ in the present case was dated June 24th, 1854, and by the officer's return, as it was at the time of the trial, was served on the 26th of the same month. The defendant Wooster Downer, offered to show by introducing the

White River Bank v. Downers & trustees.

copy of the writ which was left with him by the officer who served it that the service was actually made on the 24th, or the day of its date; but the evidence was objected to and the court excluded it. The defendant claimed that the plaintiffs could not sustain their present suit because it was commenced before the expiration of the term at which the judgment declared upon was rendered, and while an execution issued upon it was in life and force, but the court charged otherwise; and under the instructions given by the court the jury rendered a verdict for the plaintiffs. Exceptions by the defendant.

Several days subsequent to the trial the defendant's counsel asked leave, and thereupon the court permitted the officer who served the writ to amend his return upon it by altering the date of its service from the 26th to the 24th of June, 1854, the officer stating that the latter was the actual time when he served it. To this proceeding the plaintiffs excepted.

*W. C. French*, for the defendant Wooster Downer.

I. If the testimony offered had any *tendency*, as we insist it had, to prove the issue, it should not only have been received, but submitted to the jury; *Greene* v. *Donaldson*, 16 Vt. 162.

II. At the time this suit was commenced the plaintiff had no *cause of action*. The writ is dated June 24th, 1854, and was served the same day. The court adjourned the *same day*. This suit was therefore commenced and writ served during the session of the court. It is well settled in most of the American states, although contrary to the English practice, that a judgment is considered as rendered on the *last day of the term*; *Hoar* v. *Commissioners of Jail Delivery*, 2 Vt. 402; *Day* v. *Lamb*, 7 Vt. 426; 3 Shep. 64; *Harrington* v. *Polly*, 8 Mass. 113; *Portland Bank* v. *Union Bank*, 11 Mass. 204; *Hildreth* v. *Thompson*, 16 Mass. 191.

III. This suit cannot be maintained for the reason that at the time the suit was commenced there was an execution then in full life in the hands of an officer, and property levied thereon. Can a creditor at one and the same time harrass his debtor with an execution and also with a writ on the same judgment. This would seem to be repugnant both to *reason and authority*; *Wells* v.

White River Bank *v.* Downers & trustees.

*Dexter,* 1 Root 253; *Drury* v. *Brabury et al.,* 2 Tyler 201; *Ligon* v. *McNiel,* 6 Rich. 377; 14 U. S. Dig. 391, sec. 195.

IV. The copy of the writ should have been received as evidence tending to show the *true day* when the writ was served.

V. The amendment by the officer was properly permitted; *Barnard* v. *Stevens et al.,* 2 Aik. 429; *Brainard et al.* v. *Burton et al.,* 5 Vt. 97; *Thatcher* v. *Miller,* 11 Mass. 413.

*Washburn & Marsh,* for the plaintiffs.

1. The jury have found that Solomon Downer was a surety upon the original note, and that he has been allowed to commence and contest this suit by an arrangement with the officers of the bank, which was not a payment of the note. And if it was not a payment in fact it was not a payment in law, such as would defeat this suit; *Ætna Insurance Company* v. *Wires et al.,* 28 Vt. 93; *Low* v. *Blodgett,* 1 Foster 121; *Edgerly* v. *Emerson,* 3 Foster 555; *McIntyre* v. *Miller,* 13 M. &. W. 724.

2. Even if this suit were commenced on the 24th of June, 1854, which was the day of the adjournment of the court at the term when the judgment counted upon in the declaration was rendered, there was then a valid judgment, upon which debt could be sustained. At common law judgments took effect as of the first day of the term; and this is changed by the statute of this state only so far as relates to the holding of property attached and charging bail; Comp. St. 254, sec. 84; and by judicial decision, so far as relates to the statute of limitations; 7 Vt. 29. The execution upon that judgment was issued June 6th. The execution could only issue upon a final judgment; and hence that judgment must be held as having been perfected either on the first day of the term or on the 6th day of June.

3. The case shows that the return upon the writ in this suit showed, at the time of trial, that service was made *June 26th.* The return was conclusive between the parties; and hence the testimony offered to prove that the service was made upon a different day was properly excluded.

4. The amendment of the return by the officer, after the trial and verdict, was improperly allowed; but even if properly allowed

White River Bank *v.* Downers & trustees.

it cannot affect the decisions made at the time of trial. The only relief is by motion for new trial.

The opinion of the court was delivered by

REDFIELD, CH. J. I. In regard to payment, it seems to us the testimony did not tend to show it. It is true that the surety would, perhaps, as soon have paid it if he had not a purpose to serve by keeping the debt on foot. But the money did not go into the hands of the creditor, and there was a design that it should not, for the very purpose of preventing the payment. It was nothing more than giving security by way of collateral, and depositing money to obtain the collateral. Here is nothing done which would hinder the bank from enforcing the judgment hereafter for their own benefit if the collateral should prove unproductive. There does not appear to have been any absolute surrender of the ultimate control of the judgment by the creditor. But the attorney consented that the party should control it, and brought this suit by his direction. The case does not seem to indicate payment any more than that of *Ætna Insurance Co.* v. *Wires & Peck*, 28 Vt. 93. And not as much, perhaps, as *Low* v. *Blodgett*, 1 Foster 121; *Edgerly* v. *Emerson*, 5 Foster 555, or *McIntyre* v. *Miller*, 19 M. & W. 724.

II. The argument that the suit was brought before the judgment became final seems to admit of many answers, but chiefly that whenever the party is entitled by law to take execution the judgment must be regarded as final for all purposes. The case of *Day* v. *Lamb*, 7 Vt. 426, goes upon this ground. The ordinary time for taking execution being the day after the rising of the court, this is to be reckoned the first of the eight years, and the day corresponding to the day preceding, as the last of the eight years of the statute of limitations. In this view, so far as this point is concerned, the amendment becomes immaterial, and so of the testimony offered to show when the writ was in fact served.

III. The plea in regard to the execution is that it was in full life and in the hands of an officer at the time of the commencement of this suit; and that both before and after the commencement of this suit the officer levied for portions of it upon the

defendant's property. But at the very time the suit was instituted the first levy was finished, and the second was made some time subsequent. So that at the time the suit was brought all that could be said to exist in regard to this was that the execution was in life and in the hands of an officer. This does not seem to be different in principle from the mere right to take execution and put it into the hands of an officer; *Clark* v. *Goodwin,* 14 Mass. 237. The effect of a judgment upon the original judgment before the levy is completed it is not necessary to consider. And the defendant has the full benefit of the levy made in defense, and of the vexatious character of the second suit in the taxation of costs. The question seems to resolve itself into the inquiry whether the judgment in that condition constituted a present indebtedness. No question arises in the present case in regard to the effect of the record showing the execution outstanding and unaccounted for, as in this case the execution is accounted for.

And if the liability to execution does not change the character of the debt in this respect, neither does the fact of an execution being in the officer's hands. The debt is the same, and the necessity of a suit is the same practically. But so far as the debt is actually levied at the commencement of the suit, it constitutes no such indebtedness as will lay the foundation of an action, probably, as if the whole execution had been levied upon the body or property, but no satisfaction realized at the time.

So the pending of a writ of error, even if it supersede the execution, will not hinder an action of debt on the judgment; Tit. Error Bac. Ab. 479.

IV. The substance of the last plea, undoubtedly, is that no final and conclusive judgment was made at the commencement of the action, and not that the county court was then in session, which, as we have seen, is not essential to the main proposition of the finality of the judgment.

But as the officer's return then stood the suit was brought after the court adjourned, and of course all judgments of the term had become final. And this return could not be contradicted or explained by extraneous evidence, even the copy left by the officer which is no part of the return, of which the

court will judge by inspection, commonly. But a copy is extraneous and requires proof of identity, and is in no sense part of the return.

And the amendment, being made after the judgment, cannot render it erroneous. An amendment will cure error, but cannot create it.

Judgment affirmed.