C. W. THATCHER, admr., *vs.* HOMER A. LYONS, and trs.

January Term, 1898.

Present: ROSS, C. J., TAFT, ROWELL, TYLER, START and THOMPSON, JJ.

*Debt on Judgment—Statute of Limitations—Suspended while Execution is Being Levied and Returned—V. S. 1196.*

A judgment creditor cannot maintain an action upon the judgment while an execution thereon is in the hands of an officer, who is proceeding in due course to levy and satisfy the same. Consequently, the statute of limitations is suspended during the same period; but if the execution is levied and duly returned, the staute begins to run upon any unsatisfied balance from the date of such return.

DEBT on judgment. Heard on a referee's report at the June Term, 1897, Bennington County, *Ross*, C. J., presiding. *Pro-forma* judgment for the plaintiff. The defendant excepted.

*Barber & Darling*, for the plaintiff.

*Martin & Archibald*, for the defendant.

THOMPSON, J. This is an action of debt on judgment commenced April 23, 1896. The judgment declared on was rendered April 13, 1888. The plaintiff took out exceution May 11, 1888, and the same day placed it in the hands of an officer for collection. The plaintiff was a subsequent attaching creditor on his original writ, and his execution was forced to await the disposition of the senior execution levied upon the property attached. March 25, 1889, plaintiff's execution was duly returned satisfied in part. All the attachable property which the defendant then had was taken and sold on it, so that he had none subject to attachment when it was returned.

The defendant pleads and relies upon the statute of limitations, V. S. 1196, which requires actions of debt on judgment to be brought within eight years from the rendition thereof.

This defence must prevail, unless the operation of the statute was stayed by the issuing of the execution and proceedings thereunder.

It has been held that where an execution and judgment are apparently satisfied by a levy, which is subsequently vacated by proper proceedings, the statute does not run on the judgment during the time it was thus satisfied. *Fairbanks* v. *Devereaux*, 58 Vt. 363, and cases there cited. In that case it was said that this statute "is not to be construed literally, but that a new promise, or any other fact that clearly rebuts the presumption of payment during the existence of such fact, suspends the operation of the statute, and that the statute commences running anew from the time of the new promise, or cessation of the operation of such fact." In *Ferriss* v. *Barlow*, 8 Vt. 90, it was held that the imprisonment of the debtor on execution, being in law a satisfaction of the judgment, suspended the running of the statute so long as the imprisonment continued, and that the statute only commenced to run anew from the time of the discharge of the judgment debtor from prison. While the presumption of payment continues, the plaintiff's right of action is suspended. When it is determined by proper proceedings that payment has not been made or is unavailing under the law, the statute begins to run from the date of such determination.

In discussing the effect of a levy of an execution on personal property, it is said in 2 Freeman on Judg. (4th ed.) § 475: "None of the decisions assumes that a levy produces any absolute satisfaction. It is a satisfaction *sub modo*; the levy must be fairly exhausted before further proceedings can be taken, and while these proceedings are going on the plaintiff cannot have another execution, nor sue on the judgment, nor redeem lands under it. After the levy, if the sheriff wastes the property, or it is lost through his neglect or that of the plaintiff, the satisfaction is absolute. If, without any fault of the plaintiff or of the sheriff, the levy does not

produce proceeds sufficient to satisfy the execution, then the plaintiff is entitled to proceed for so much as remains unpaid as if no levy had been made."

To the same effect are *Peck* v. *Barney*, 12 Vt. 72; *Sheeran* v. *Sparhawk*, 68 Vt. 604; *Nat'l Bank* v. *Rogers*, 13 Minn. 407; *First Nat'l Bank* v. *Rogers*, 15 Minn. 381; *M'Intosh* v. *Chew*, 1 Blackf. 289; *Green* v. *Burke*, 23 Wend. 501; *People* v. *Hopson*, 1 Denio 574; *Mountney* v. *Andrews*, Cro. Eliz. 237. From these authorities, it is clear that after a plaintiff has taken out his execution on a judgment and placed it in the hands of an officer for levy and satisfaction, he cannot maintain an action of debt on the judgment, while the officer is proceeding in due course to levy and satisfy the execution. Being thus barred of his right to maintain such action, the statute does not run during the time the right of action is thus suspended. If the execution is levied and duly returned, the statute begins to run on any unsatisfied balance, from the date of such return of the execution.

Hence, in the case at bar, the statute did not begin to run until March 25, 1889, and this action was brought within the time required by the statute.

> *Judgment affirmed with interest and costs, and case remanded to be proceeded with in respect to trustees.*