### Edward W. Koerber v. Middlesex College

[383 A.2d 1054]

No. 239-77

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed February 7, 1978

*Burgess* and *Normand, Ltd.,* Montpelier, for Plaintiff.

*Hiram S. Hunn,* Plainfield, for Defendant.

**Hill, J.** This appeal involves a suit to recover an amount owing under a judgment previously rendered in favor of the plaintiff. The facts are based upon an agreed statement of the parties, and thus are uncontroverted. On May 23, 1968, Edward Koerber recovered a judgment against Middlesex College in the amount of $38,429.40. A writ of execution was issued October 28, 1969, but was never returned. An alias writ of execution was issued February 19, 1970, and was returned unsatisfied March 26, 1970. Koerber's judgment remains unsatisfied. On May 17, 1976, Koerber commenced an action against Middlesex College, seeking to recover the amount of the original judgment together with interest from the date of entry of that judgment. Finding that the action was not barred by the eight year statute of limitation applicable to actions on judgments, 12 V.S.A. § 506, the lower court entered judgment in Koerber's favor, granting him the full relief sought. The defendant-judgment debtor, Middlesex College, now appeals from that adverse judgment.

Appellant's contentions on appeal are threefold. Appellant contends that the Vermont Rules of Civil Procedure abolished the common law action of debt on a judgment. In the alternative, appellant argues: (1) that a civil action on a judgment may be maintained only if all writs of execution issued are returned, and (2) that an unsatisfied dormant judgment for the payment of money cannot be a basis for a civil action on that judgment unless the judgment is first renewed or revived by proper proceeding within the original action. We will address appellant's contentions in that order.

I.

Appellant argues that the adoption of V.R.C.P. 69 and V.R.C.P. 81 abolished the common law action of debt on a judgment. We find no merit in this contention for several

reasons. Debt on a judgment is a well recognized common law action. See, *e.g., Thatcher* v. *Lyons,* 70 Vt. 438, 41 A. 428 (1898); *White River Bank* v. *Downer,* 29 Vt. 332 (1857). There is no express abolition of the action in the rules of civil procedure.[1] Appellant would have us hold that V.R.C.P. 69 impliedly abolishes the action because the Rule establishes execution as the means of enforcing judgments for the payment of money. Appellant confuses the nature of a civil action on a judgment. It is a new and independent action, and not merely a means of enforcing a judgment, as is a writ of execution. See Restatement of Judgments § 47, Comment e at 185 (1942); 2 A. Freeman, Law of Judgments § 1062 (5th ed. 1925). The federal courts, which have functioned under a rule similar to V.R.C.P. 69 since 1939, continue to recognize actions on judgments. Fed. R. Civ. Pro. 69; *United States* v. *Transocean Air Lines, Inc.,* 386 F.2d 79 (5th Cir. 1967), *cert. denied,* 389 U.S. 1047 (1968); *Juneau Spruce Corp.* v. *International Longshoremen's & Warehousemen's Union,* 128 F. Supp. 697 (D. Hawaii 1955). The Vermont Legislature has made statutory revisions since the adoption of the rules of procedure that directly acknowledge the existence of the action. 12 V.S.A. § 506. More importantly, V.R.C.P. 69 could not properly abolish the civil action on a judgment, since the enabling act that authorized the rules of procedure expressly states that "[t]he rules thus prescribed shall not abridge, enlarge or modify any substantive rights of any person provided by law." 12 V.S.A. § 1; see Reporter's Notes, V.R.C.P. 2.

## II.

Appellant next argues that an action on a judgment may be maintained only if all writs of execution issued are returned.

---

[1] Debt, as a specific *form* of action, has, of course, been abolished. In 1915, the numerous and varied common law forms of action were reduced to four in number, *viz.,* contract, tort, replevin, and ejectment. 1915 Vt. Acts, No. 90, § 1 (codified at Vt. Rev. Stat. tit. 9, § 1611 (1947)). In 1959, these four common law forms of action were abolished in favor of one form of action known as a "civil action." 1959 Vt. Acts, No. 261, § 1 (codified at 12 V.S.A. § 971 (repealed 1971)). V.R.C.P. 2 carries forward the 1959 amendment, providing for one form of action, a "civil action." Rule 2 and its predecessors, however, affect procedure only. The right to a specific kind of relief upon proof of specific facts has not been changed. Reporter's Notes, V.R.C.P. 2; 1915 Vt. Acts, No. 90, § 11; Vt. Rev. Stat. tit. 9, § 1612 (1947); 1959 Vt. Acts, No. 261, § 2 (codified at 12 V.S.A. § 972(a) (repealed 1971)).

The original writ of execution obtained by Koerber was never returned. It is conceded, however, that an alias writ of execution was issued and returned unsatisfied, and that the original judgment remains unsatisfied.

We find no such limitation in Vermont on a judgment creditor's right to bring an action upon his judgment. Where a plaintiff has obtained a valid and final money judgment against a defendant, a debt for the amount so awarded is created. The judgment creditor not only can maintain execution proceedings for the enforcement of the judgment, but also can maintain an action upon the judgment. Restatement of Judgments § 47, Comment e at 185 (1942). A judgment creditor generally has a right to bring an action upon a judgment at any time after its rendition, until it is barred by the statute of limitation. 12 V.S.A. § 506. This is so even though the judgment creditor retains the power to collect the judgment by execution. *Tarbell, Jennings & Co.* v. *Downer,* 29 Vt. 339, 342 (1857) ; *White River Bank* v. *Downer,* 29 Vt. 332, 338 (1857); 2 A. Freeman, Law of Judgments § 1062 (5th ed. 1925). Although some jurisdictions bar such an action while execution is available in order to prevent needless and vexatious litigation, in Vermont the only prophylactic against such judgment creditor action is the provision of 12 V.S.A. § 2147, which denies costs to the creditor where he maintains an action on a judgment upon which execution might have issued.

In some cases there arises a presumption of payment or satisfaction if the execution has been issued and not returned. *Tarbell, Jennings & Co.* v. *Downer, supra,* 29 Vt. at 342. Here, however, any such presumption clearly is rebutted, because both parties agree that the original judgment has not been satisfied in any manner. *Thatcher* v. *Lyons,* 70 Vt. 438, 41 A. 428 (1898), upon which appellant primarily relies, is not in point. That case held that a plaintiff who takes out an execution on his judgment and places it in the hands of an officer for levy cannot maintain an action of debt on the judgment while the officer is proceeding in due course to levy and satisfy the execution. An execution issued nearly eight years prior to the judgment creditor's action on his judgment, as

here, is not one on which the officer is "proceeding in due course to levy."

## III.

Appellant lastly argues that an unsatisfied dormant judgment for the payment of money cannot be a basis for an action on that judgment, unless the judgment is first renewed or revived by proper proceeding within the original action. There is no question that the original judgment here had become "dormant," since more than a year and a day had lapsed without the issuance of an execution. *Catlin* v. *Merchants Bank*, 36 Vt. 572, 577 (1864); *Fletcher* v. *Mott*, 1 Aik. 339, 340 (Vt. 1826); cf. 12 V.S.A. § 2686 (recognizes the "year and a day" rule). It also is undisputed that the appellee never renewed or revived his original judgment before commencing this action. Thus, the only issue is whether renewal or revivor is a prerequisite to commencing an action upon a dormant judgment. We cannot agree with appellant that it is.

██ While a dormant judgment cannot be a basis for the issuance of a writ of execution until the judgment is renewed or revived, no such limitation applies to a suit on a judgment. 2 A. Freeman, Law of Judgments §§ 1063, 1091 (5th ed. 1925). The distinction in procedures lies in the nature of revivor. At common law, when a judgment became "dormant," it was necessary to apply to a court for a revivor of the right to issue execution; the remedy of the judgment creditor was by scire facias. Although V.R.C.P. 81(b) expressly abolishes the writ of scire facias, it makes clear that any relief previously available under the writ may still be obtained "by appropriate action or motion." A scire facias was a judicial writ issued out of the court where a judgment had been entered, requiring the defendant to make known the reason why execution should not issue. *Carlton* v. *Young*, 1 Aik. 332, 336 (Vt. 1826). A scire facias to revive a judgment created nothing new, but rather was merely " 'the continuation of an action,—a step leading to the execution of a judgment already obtained, and enforcing the original demand for which the action was brought.' " 2 A. Freeman, Law of Judgments § 1091 (5th ed. 1925). An action on a judgment,

on the other hand, is not merely an enforcement mechanism collateral to the original judgment, but rather is a new and independent action. Revivor proceedings and actions on judgments are distinct and cumulative remedies. The judgment creditor may have either or both, as he sees fit. *Snell v. Rue,* 72 Neb. 571, 575, 101 N.W. 10, 11 (1904), *overruled on other grounds, Armstrong v. Patterson,* 97 Neb. 871, 152 N.W. 311 (1915); *Baker v. Hummer,* 31 Kan. 325, 328, 2 P. 808, 808–09 (1884).

While ordinarily no advantage is gained by bringing an action in the same state upon a judgment, if the statute of limitation period has almost run upon the judgment, 12 V.S.A. § 506, the judgment creditor can start the limitation period anew by bringing an action upon the judgment and obtaining a new judgment. Restatement of Judgments § 47, Comment e at 185 (1942). This is precisely what the judgment creditor did in the case at bar. The fact that his original judgment was "dormant" at the time he commenced his action is not a bar to the action.

*Judgment affirmed.*