DAVID v. PORTER.

1. **Foreign Judgment:** ACTION UPON. An action may be maintained in this State upon a judgment rendered by a court of record in Nebraska which has become dormant by the laws of that State.

2. ——: ——: SPECIALTY. The word "specialty," as used in the statute of limitations of the State of Nebraska, cannot have been intended to include domestic judgments.

*Appeal from Pottawattamie District Court.*

THURSDAY, JUNE 5.

ACTION upon a judgment rendered in a court of record of the State of Nebraska. There was a trial to the court without a jury, and judgment for plaintiff. Defendant appeals.

*Sapp, Lyman & Ament,* for appellant.

*Mayne & Key* and *Rising, Wright & Baldwin,* for appellee.

BECK, CH. J.—I. The judgment upon which the suit is brought was rendered in the State of Nebraska in 1856. The defendant insists, and so claims in his answer, that under the statutes of that State the judgment became dormant and of no effect in law, and was fully barred before this suit was commenced. This defense presents the only questions raised in the case which involve the right of recovery.

It is argued that, under the statutes of Nebraska, the judgment, before the commencement of this suit, became dormant, and would not, for that reason, support an action. This point first demands consideration.

The statutes relied upon to support the positions of defendant's counsel are the following provisions of the General Laws of the State of Nebraska:

"Section 482. If execution shall not be sued out within

five years from the date of any judgment that now is, or may hereafter be, rendered in any court of record of this State, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor."

"Section 473. If a judgment becomes dormant it may be revived in the same manner as is provided for reviving actions before judgment."

From these provisions it will be observed that, after the lapse of five years from the issuing of execution, a judgment becomes dormant, but may be revived by proper proceedings, as prescribed for reviving actions before judgment. Among the provisions for reviving actions is the following:

"Section 466. An order to revive an action against a representative or successor of a defendant shall not be made without the consent of such representative or successor, unless in one year from the time it could have been first made."

Counsel for defendant insist that under this section the judgment in suit cannot be revived, and, therefore, must remain dormant and incapable of being enforced. Without assenting to the proposition that a dormant judgment which cannot be revived will not support an action, which we do not determine, we reach the conclusion that under the provisions cited the judgment in question may be revived for these obvious reasons: ·The section last cited does not relate to the manner of reviving actions, but prescribes and limits the right in certain cases. Section 473 provides that dormant actions may be revived in the *manner* prescribed for reviving actions. It makes no provisions to the effect that the right of revivor is limited, as in cases of actions contemplated by section 466. This section, therefore, is not applicable to the case before us.

It is not applicable for another reason. It relates, by its

express language, to cases wherein the representatives or successors of a defendant are sought to be charged. This action is brought against the defendant in the judgment.

II. It is insisted by defendant that the recovery upon the judgment was fully barred by the statute of limitations of the

2. ——: ——: State of Nebraska before this action was com-
specialty.     menced. It is first argued that the section of that statute which provides that actions must be commenced within four years "upon a *specialty*, or any agreement, contract or promise in writing, or *foreign judgment*," applies to actions on domestic judgments which are described by the word *specialty*. The term "specialty," we believe, is properly applied to a sealed instrument, though it is sometimes used in the books to include judgments. It appears very plain that it is not used in such sense in the statute under consideration, for the reason that a foreign judgment is specifically mentioned. If the term be applicable to a domestic judgment, it is equally so to a foreign judgment. We cannot conclude the law-makers who framed the statute were guilty of the gross tautology which the interpretation adopted by the defendant gives to the section.

III. It is next insisted that the action is barred by the sixteenth section of the statute of limitations of Nebraska, which provides that "an action for relief not herein before provided for can only be brought within four years," etc. But the difficulty with this position is that we have not before us the statute in full. We do not know that actions upon domestic judgments are not provided for by some part of the statute that was not in evidence in the court below, and is not before us.

IV. It is lastly urged that the judgment is excessive. Interest upon the judgment was calculated at ten per centum per annum. The abstract fails to show what rate of interest the judgment sued upon drew. In the absence of a provision in the judgment, or requirement in the statutes of Nebraska,

fixing the interest at ten per cent, that rate could not have been correctly adopted by the court below. Under our statute, when there is no provision by contract or otherwise as to interest, the rate shall be six per centum per annum. The interest should have been calculated at that rate. The judgment must be made to conform to this conclusion. In other respects it is affirmed. The cause will be remanded to the court below for judgment in accordance with this opinion.

As no steps were taken in the court below to correct the error in the amount of the judgment the defendant will pay the costs of this appeal.

MODIFIED AND AFFIRMED.