EMMA SNELL v. LEWIS RUE.

FILED OCTOBER 20, 1904.   No. 13,628.

Statute of Limitations. The provisions of sections 10 and 16 of the code, known as the statute of limitations, do not apply to actions upon domestic judgments.

ERROR to the district court for Nemaha county: ALBERT H. BABCOCK, JUDGE. *Reversed.*

*J. S. McCarty* and *H. A. Lambert,* for plaintiff in error.

*S. P. Davidson, contra.*

LETTON, C.

The question presented in this case is whether or not the provisions of the statute of limitations of this state apply to an action upon a dormant domestic judgment. The plaintiff in error contends that the provisions of the statute do not apply to an action brought in this state upon such a judgment, while on the other hand the defendant in error contends that the provisions of section 16 of the code, which provide "An action for relief not hereinbefore provided for, can only be brought within four years after the cause of action shall have accrued," apply. The judgment sued upon was rendered in 1897, and was dormant at the time this action was commenced. The argument of the plaintiff in error substantially is that, since an execution may issue upon the judgment for a period of five years

after its rendition, it could not have been the intention of the legislature to bar the bringing of an action upon the same claim while it was still an enforceable judgment, and that, since the code was enacted as a whole, the sections which provide that a judgment shall not be a lien upon real estate after the expiration of five years from the rendition thereof unless an execution is issued, and which provide for revivor of dormant judgments, and the sections of the statute of limitations which provide that an action may be brought upon foreign judgments within five years, are to be construed together, and make it plain and obvious that the legislature never intended that the statute of limitations should apply to domestic judgments. On the other hand, defendant in error insists that the provisions of section 16 are broad and sweeping in their terms and embrace actions of every nature other than those specifically mentioned.

In examining this question we have been able to receive but little light from adjudications in other states, the statutes of limitations of the several states being so different in their provisions that the decisions in each state are largely determined and governed by the local statute. The provisions of the code of the state of Ohio with reference to the lien of judgments, the time at which they became dormant, and the limitation of actions upon the same, were the same as those of this state are now, in 1864, when the case of *Tyler's Executors v. Winslow,* 15 Ohio St. 364, was decided by the supreme court of that state, except that our statute limits the time for bringing an action upon a foreign judgment to five years, while no mention was made in the Ohio statute of actions upon foreign judgments. In that case it was contended that a domestic judgment was a "specialty" and became dormant within 15 years, as provided by the statute. The court held, however, that a domestic judgment was not a specialty. It was further contended that the four years' limitation upon the bringing of all actions not specifically enumerated in the statute applied. In this connection,

however, the Ohio court, in the case above mentioned, say: "A domestic judgment is not embraced in the limitation of four years provided in the last clause of the section, for the obvious reason, among others, that by a contemporaneous act, taking effect on the same day with this, it was ·provided that such judgments should not become dormant until after five years. This court, however, are of opinion, that the judgments of the courts of this state are not subject to any of the provisions of the section under consideration. By this section, actions are limited to the specific period of each, 'after the *cause* of such action shall have *accrued*' or, 'after such *right* of action shall have *accrued*.' We think that a fair construction of this language, according to its ordinary import, excludes domestic judgments; and was intended, by the legislature, to apply to claims that accrue by maturity, or arise by the happening of events that give a right of action, as usually understood. It can hardly be supposed that, without any specific provision to that effect, it was understood that the merging of a cause or right of action, as ordinarily understood, in a judgment, was the accruing of a cause of action. Surely the object of adjudicating a claim or 'cause of action,' and the rendition of judgment thereon is not to mature, or 'accrue,' a right of action; but to terminate a cause of action in a judgment finally determining the rights of the parties, and to secure the remedies that follow a judgment. Undoubtedly a judgment is a cause or right of action of the highest nature, and that such action accrues when the judgment is rendered; but its objects and purposes are ordinarily so foreign to the mere maturity or accruing of a right of action that it would be deemed singular to speak of the rendition of a judgment, merging an adjudicated claim, as the accruing of a cause of action; and especially would this be so, in relation to a domestic judgment, where the only purpose of obtaining it may be the remedies that follow."

This case was decided after the adoption of the statutory provisions which are construed in the opinion by the ter-

ritory of Nebraska, and this court, therefore, is not bound by the well known principle of statutory construction to follow the decision. It seems to us, however, that the view taken by the Ohio court is in consonance with right principles. In this state a judgment does not lose its vital force by the expiration of five years after its rendition without the issuance of an execution thereupon. It is not dead, but sleepeth. This court has held that a sale of real estate made upon a dormant judgment cannot be attacked collaterally after confirmation, *Gillespie v. Switzer*, 43 Neb. 772, and that the payment of a dormant judgment cannot be recovered back. *Gerecke v. Campbell*, 24 Neb. 306. In some states, at the expiration of the statutory period, a judgment becomes actually dead and is possessed of no force or potency for any purpose whatsoever, but such is not the case in Nebraska.

An action may be brought in this state upon a foreign judgment within five years after its rendition; and it hardly seems probable that the legislature would debar its citizens from the same rights which it grants a creditor in a foreign state. Further, since by the issuance of an execution within five years a judgment may be kept alive in this state, or if dormant it may be revived, we would have the anomalous situation of a judgment being enforceable by execution, or revivable by proceedings for that purpose, and not enforceable by action after four years from its rendition. We are not forgetful of the language used in certain opinions rendered by this court, *State v. School district*, 30 Neb. 520, 528; *Beall v. McMenemy*, 63 Neb. 70, wherein it is said in general terms that by section 16 of the code the legislature intended to cover every form of action; such language, however, must be taken as applying to the specific case which the court was then considering, and under the view taken by the Ohio court, this language is not applicable to an action upon a domestic judgment. Statutes of limitations are intended as statutes of repose, but where the right of enforcement of a judgment by execution still exists after the bar which it is

Snell v. Rue.

claimed the statute interposes to an action has taken effect, the bar is of no avail so far as preventing the collection of the debt is concerned. Hence the statute fails of its purpose as a statute of repose. We cannot believe that the legislature intended to fix such a short time within which an action upon a domestic judgment might be maintained, and at the same time leave the judgment open to enforcement by execution.

In this state a judgment plaintiff, who has suffered his judgment to become dormant by failure to issue an execution upon the same within five years, may prosecute proceedings in revivor. We see no reason why he may not be permitted to enforce the same by action if the debt has not been paid. This has been the general rule in regard to dormant judgments in most jurisdictions. See 2 Freeman, Judgments (4th ed.), sec. 432, p. 751.

The right to prosecute revivor proceedings and the right to maintain an action upon the judgment are merely cumulative remedies. The plaintiff may have either or both, as he sees fit. We hold, therefore, that an action may be brought upon a dormant judgment and that the provisions of the statute of limitations do not apply to actions upon domestic judgments.

We recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

OLDHAM and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.