JAMES G. WHITE, APPELLANT, v. NICHOLAS RESS, SHERIFF, ET AL., APPELLEES.

FILED FEBRUARY 20, 1908.   No. 15,075.

1. Judgment: REVIVOR. Section 462 of the code is applicable to the revival of a dormant judgment, and authorizes the revival of such a judgment against a nonresident upon service by publication.

2. ———: ———: CONSTITUTIONAL LAW. Section 462 of the code, authorizing the revival of a dormant judgment upon service by publication, is not repugnant to either the state or federal constitutions.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. Affirmed.

A. J. Sawyer and Joseph Wurzburg, for appellant.

O. B. Polk and H. J. Whitmore, contra.

GOOD, C.

This action was brought to enjoin the sale of real estate upon execution. A demurrer to the petition was sustained, and the cause dismissed by the trial court, and the plaintiff has appealed to this court.

The petition discloses that the plaintiff is the owner of

certain real estate in Lancaster county, that one of the defendants is the sheriff of said county, and the other two are the owners by assignment of a certain judgment. The judgment was originally obtained in Gage county on the 26th day of March, 1897. Thereafter it was assigned to one of the defendants, and was permitted to become dormant. The assignee of the judgment caused a transcript of the same to be filed in Lancaster county on July 22, 1905, and on the same day made and filed in the office of the clerk of the district court for said county an affidavit alleging the facts necessary to entitle him to a revival of the judgment. Thereupon a conditional order of revivor was made by the court. An ineffectual attempt was made to serve this order upon the judgment debtor in the state of Illinois. On the 24th day of July, 1905, the attorney for the assignee filed an affidavit for service by publication. On the 11th day of September, 1905, the conditional order of revivor was made absolute upon this constructive service. In April, 1906, the judgment debtor, being then the owner of certain real estate in Lancaster county, conveyed the same by warranty deed to the plaintiff and appellant in this action. Execution was issued and levied upon the real estate so conveyed, and it was advertised for sale. Thereupon the plaintiff instituted this action to enjoin the sale.

It will be observed that the plaintiff became the owner of the real estate after the revivor procedings, and, if they were effectual, the judgment was a lien upon the real estate. Appellant contends that the revivor proceedings were ineffectual, because no personal service of the conditional order was had upon the judgment debtor, that service by publication was ineffectual to authorize the court to make the order reviving the judgment, and that, therefore, the judgment was not a lien upon the realty levied upon. The real point in controversy is as to whether or not a judgment of revivor can be rendered against a nonresident upon service by publication. Section 473 of the code provides that, "if a judgment become dormant, it may

be revived in the same manner as is prescribed for reviving actions before judgment." The mode of reviving actions before judgment is prescribed by sections 459 to 462, inclusive. Section 462 is in the following language: "When the plaintiff shall make an affidavit that the representatives of the defendant, or any of them in whose name the action may be ordered to be revived, are nonresidents of the state, or have left the same to avoid the service of the order, or so conceal themselves that the order cannot be served upon them, or that the names and residence of the heirs or devisees of the person against whom the action may be ordered to be revived, or some of them, are unknown to the affiant, a notice may be published for four consecutive weeks, as provided by section seventy-nine, notifying them to appear on a day therein named, not less than ten days after the publication is complete, and show cause why the action should not be revived against them; and, if sufficient cause be not shown to the contrary, the action shall stand revived." Appellant contends that this section is not sufficient to authorize service by publication in the revival of a dormant judgment, and that it is necessary to read into this statute other language in order to make it apply to the revival of a dormant judgment. It is contended that the section is not applicable, because it requires the affidavit to be made by the plaintiff, that service by publication is conditional upon the filing of the affidavit, the contents of which are prescribed by the statute, and that they deal with the representatives of the defendant, heirs and devisees; and it is urged that, if the judgment had been obtained by a defendant upon a counterclaim or set-off, he could not come within the provisions of the section because he was not the plaintiff. So far as these objections are concerned, we think they are purely technical and without merit. Section 473, as above quoted, provides for the revival of a dormant judgment, and that it shall be in the same *manner* prescribed for the revival of actions before judgment. It is the manner of doing it that is prescribed, and the manner prescribed is that,

where the persons against whom the revivor is sought are nonresidents of the state, or have left the same to avoid the service of the order, or so conceal themselves that the order cannot be served upon them, a notice may be published for four consecutive weeks, as provided by section 79, notifying them to appear on a day therein named and show cause. We are of the opinion that the legislature clearly intended that this section should apply to the revival of dormant judgments, and that service by publication might be made upon a nonresident judgment debtor.

The appellant further contends that, even if this was the intention of the legislature, still it was nugatory because it is contrary to the provisions of both the state and federal constitutions, in that it deprives a party of his property without due process of law. The basis of this contention is that the proceeding to revive is an action *in personam*, and that the order of revivor is a personal judgment, and that a personal judgment cannot be rendered except where the court has jurisdiction of the person of the defendant, either by appearance or by personal service upon him within the state. The appellee contends that the order of revivor is not the entering of a personal judgment. In the determination of this question, it is, perhaps, well to consider the nature of a dormant judgment and the nature of revivor proceedings. In *Draper, Matthis & Co. v. Nixon*, 93 Ala. 436, 8 So. 489, it is said: "A judgment not satisfied, or barred by lapse of time, but temporarily inoperative, so far as the right to issue execution is concerned, is usually called a dormant judgment." The validity of the judgment for the purpose of having execution upon it is not impaired by lapse of time whereby it has ceased to become a lien upon real estate. Such an execution is only voidable. *Yeager v. Wright*, 112 Ind. 230. Our own court has held that a sale upon execution issued upon a dormant judgment is not subject to collateral attack. Without citing further authorities, it is apparent that a judgment does not become extinct by the lapse of time, but is only temporarily inoperative. It may

well be doubted whether under our statute dormancy has any more effect than to cause the judgment to cease to be a lien upon real estate. The proceeding to revive the judgment in this state is not a new action, nor an original suit, but is a continuation of another action. The object to be sought by the revivor is to affect the status of the judgment theretofore properly rendered. It will not be doubted that the legislature might have provided that a judgment should never become dormant, or that it should never cease to be operative until satisfied. It has provided the means whereby the holder of a judgment might prevent its becoming dormant, without the consent of or notice to the judgment debtor, by the simple expedient of having an execution issued within five years of the date of the judgment, or within five years of the issuance of a previous execution. It would seem to us that it would have been entirely competent for the legislature to determine that a judgment would become dormant after the lapse of a certain time, and should remain so until the judgment creditor should file in the court an affidavit setting forth that the judgment was unpaid, and that this would entitle him to have the judgment revived, and that such proceeding might be wholly *ex parte*. The effect of dormancy, at most, raises only a presumption of payment, and does not extinguish the debt or extinguish the liability of the defendant upon the judgment. No one questions that the judgment might be kept alive by the issuing of executions as provided for by our statute, and by simply issuing successive executions the judgment might be kept in full force for an indefinite length of time. Therefore, upon reason, it seems to us that it was proper for the legislature to provide for the revival of dormant judgments upon service by publication, and that such provisions are not repugnant to the provisions of either the federal or the state constitutions. We have not been favored with the citation of, nor have we been able to find, any authority that is expressly in point. Appellant has cited us, however, to the

case of *Bickerdike v. Allen,* 157 Ill. 95, in which there is a dictum to the effect that a proceeding in *scire facias* to revive a dormant judgment was not one *in rem,* and that constructive service upon a nonresident is insufficient to sustain an order of revivor in such a proceeding. Upon the other hand, constructive service is held valid in such a case in *Bertron v. Stuart,* 43 La. Ann. 1171, and there appears a dictum in the case of *Neal v. Le Breton,* 14 Okla. 538, to the effect that service by publication upon a nonresident is sufficient in proceedings to revive a dormant judgment. The statute of Oklahoma is almost identical with our own. A similar dictum also appears in *Bartol v. Eckert,* 50 Ohio St. 31. Many of the states have statutes similar to our own for the revival of dormant judgments upon service by publication as against nonresidents. While these authorities are not conclusive, they, at least, show the trend of the judicial mind in the consideration of the subject.

We are therefore of the opinion that the judgment was properly revived, and was a lien upon the land when purchased by the appellant. It follows that the judgment of the district court is right, and should be affirmed.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.