JOHN W. McDONALD, APPELLANT, V. THOMAS COUNTY, AP-
PELLEE.

FILED JUNE 13, 1911. No. 16,494.

Judgment: REVIVOR: INTEREST. A judgment, when revived, draws in-
terest at the legal rate from the date of its rendition.

APPEAL from the district court for Thomas county:
JAMES N. PAUL, JUDGE. *Reversed with directions.*

*S. L. Geisthardt,* for appellant.

*John H. Evans, contra.*

LETTON, J.

This is an appeal from a judgment reviving certain
judgments against Thomas county in favor of appellant,
but denying interest after the same became dormant, and
taxing the costs to the appellant. The question presented
is whether a revived judgment draws interest from the date
of the judgment to the time of payment, or whether inter-
est is suspended during the period of dormancy.

A proceeding to revive is not, strictly speaking, an ac-
tion. It is "a statutory proceeding, not for the purpose of
recovering money, but for the purpose of restoring the
judgment." *Farak v. First Nat. Bank,* 67 Neb. 468. The
first paragraph of the syllabus to *Eaton v. Hasty,* 6 Neb.
419, is as follows: "A judgment of revival is merely a
continuation of the original action, and continues the
vitality of the original judgment with all its incidents from
the time of its rendition." The opinion cites and quotes
*Irwin v. Nixon's Heirs,* 11 Pa. St. 419, 425. See, also,
*Snell v. Rue,* 72 Neb. 571; *Bankers Life Ins. Co. v. Robbins,*
59 Neb. 170; *Farak v. First Nat. Bank, supra.* The effect
of the revivor is to establish the original judgment in full
force, with the same incidents as it originally had, except

as to its effect as creating or continuing a lien upon the property of the judgment debtor.

At common law interest was not recoverable upon *scire facias*. *Hall v. Hall*, 8 Vt. 156; *Berryhill v. Wells*, 5 Bin. (Pa.) 56. The statute governing interest on judgments is as follows: "Interest on all decrees and judgments for the payment of money shall be from the date of the rendition thereof at the rate of seven dollars upon each one hundred dollars annually until the same shall be paid." Comp. St. 1909, ch. 44, sec. 3 (Ann. St. 1909, sec. 6752). This language is plain and unambiguous. Since the revivor merely reinstates an original judgment, we can see no reason why the statute is not equally as applicable to a judgment when revived as when it was originally rendered. The judgment amounts to a contract of record to pay the debt evidenced thereby with interest, and, while the failure to issue an execution for five years deprives it of validity as a lien, it does not affect the contract. An action could be brought upon it the same as if not dormant, and the full amount with interest recovered. *Snell v. Rue, supra.* The remedy provided by an execution has been suspended, but the date of its rendition remains the same. *Thornhill v. Hargreaves,* 76 Neb. 582, 590; *White v. Ress,* 80 Neb. 749. If the judgment debtor desired to stop the accrual of interest, it was within its power to do so at any time.

As to the matter of costs: The defendant resisted the revivor proceedings in the district court. Having put the plaintiff to the trouble and expense of a contest, he was entitled to recover costs.

The judgment of the district court is reversed and the cause remanded, with directions to render a judgment allowing interest upon the revived judgments from the date of their rendition, and taxing the costs to defendant.

REVERSED.