Armstrong v. Patterson.

W. F. H. ARMSTRONG, TRUSTEE, ET AL., APPELLEES, v. DAVID C. PATTERSON, APPELLANT.*

FILED NOVEMBER 12, 1914. No. 17,384.

1. **Limitation of Actions: QUESTION FOR COURT.** When the pleadings show, without dispute, the time that has elapsed since the cause of action accrued, the question whether the action is barred by the statute of limitations is a question of law for the court.

2. **Judgment: ACTION ON JUDGMENT.** When the federal court for this district has rendered a judgment for deficiency in an action of foreclosure of a real estate mortgage, an action upon such judg-

*Reversed on rehearing, see opinion, p. ——, post.

ment may be maintained in the courts of this state without first obtaining leave to bring such action.

3. ———: ———: LIMITATIONS. The statute of limitations does not apply to actions upon domestic judgments.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*David C. Patterson, pro se.*

*William Baird & Sons, contra.*

*A. S. Churchill, amicus curiæ.*

SEDGWICK, J.

This plaintiff obtained a deficiency judgment against the defendant in the circuit court of the United States for this district in June, 1897, and in July, 1911, he brought this action upon that judgment in the district court for Douglas county. He alleged in his petition the foreclosure of the mortgage and sale of the property and the deficiency judgment. The defendant answered, admitting the judgment as pleaded, and alleged the statute of limitations, and that no permission had been given by the court in which the judgment was rendered to bring an action thereon. No reply was filed, and upon plaintiff's motion the court entered a judgment in his favor upon the pleadings. The defendant has appealed.

These pleadings show that more than 14 years had elapsed after the entry of the judgment before the commencement of this action, and the allegation that no permission had been given by the court to bring an action upon the judgment not being denied, the question is also presented as to whether such permission is necessary.

1. Upon the first proposition the plaintiff relied upon *Snell v. Rue,* 72 Neb. 571, in which it was held: "The provisions of sections 10 and 16 of the code, known as the statute of limitations, do not apply to actions upon domestic judgments." The defendant attacks that decision as unsound. He points out that it is predicated largely upon *Tyler's Ex'rs v. Winslow,* 15 Ohio St. 364, and says

that that decision is wrong, and has since been discredited by the Ohio court. He also calls attention to *Stockwell v. Coleman,* 10 Ohio St. 33. It is true that in *Tyler's Ex'rs v. Winslow* it is held that a judgment of a court of that state is not a specialty, within the meaning of their statute, and that the decision is substantially placed upon that holding, and in *Stockwell v. Coleman* it was held that a foreign judgment is a specialty, which appears to be recognized by the Ohio court as inconsistent with the holding that a domestic judgment is not a specialty. In the later case the holding in the *Stockwell* case is limited, "so far as it conflicts with the holding that the domestic judgment is not a specialty." In *Todd v. Crumb,* 5 McLean (U. S.) 172, the circuit court of the United States decided that "the statute of limitations of Ohio does not bar an action on a judgment. A judgment is not an agreement, contract, or promise in writing, nor is it in a legal sense a specialty." The statute construed in that case was "that all actions upon the case, covenant, and debt founded upon a specialty, or any agreement, contract, or promise in writing, must be brought within fifteen years," which is, so far as this question is concerned, identical with ours, except that ours applies the limitations specifically to foreign judgments, and so tends to raise the presumption that it was not intended to include domestic judgments in the limitation. In *Fries v. Mack,* 33 Ohio St. 52, which was decided in 1877, the supreme court of that state appears to discredit the decision in *Tyler's Ex'rs v. Winslow, supra,* although it expressly refuses to overrule it. Speaking of that case and the case of *Stockwell v. Coleman, supra,* the court said: "The two cases may well stand together, although it must be conceded that the reasons upon which the latter decision (*Stockwell v. Coleman*) is placed by the judge delivering the opinion are not in harmony with the views expressed in the former case, and strongly tend to weaken its authority."

It is not entirely clear why the legislature should limit actions upon foreign judgments to five years, and limit proceedings to revive dormant domestic judgments to 10

years, and provide no limitation upon actions upon domestic judgments. It is to be expected that, when the attention of the legislature is called to this matter, there will be further legislation. The decision in *Snell v. Rue, supra,* was rendered more than 10 years ago. It is not wholly without reason to support it, and it has been emphatically approved by this court in an important action in which it was a vital question. *Young v. City of Broken Bow,* 94 Neb. 470. In the opinion in that case the court said: "One of the defenses interposed by the city is that all of the judgments are barred by the statute of limitations. Counsel for defendant abandons this contention in his brief, and concedes that under the authority of *Snell v. Rue,* 72 Neb. 571, this defense must fail." There have been five sessions of the legislature since the decision was pronounced, and in 1909 the statute providing for the revival of dormant judgments was amended so as to place an absolute limit upon such proceedings (laws 1909, ch. 154), and the legislature has not seen fit to establish any limitation for actions upon domestic judgments. To establish such a limitation now would be legislation, and is not within the province of the courts.

2. Section 8257, Rev. St. 1913, provides: "After such petition (for the foreclosure of a real estate mortgage) shall be filed, while the same is pending, and after a decree rendered thereon, no proceedings whatever shall be had at law for the recovery of the debt secured by the mortgage, or any part thereof, unless authorized by the court." We have seen that it is conceded that no such permission was granted by the court by which this deficiency judgment was rendered. It is insisted by the defendant that this permission is necessary after a deficiency judgment is rendered, as well as while the proceedings for foreclosure are pending, but in this we think that the defendant is wrong. A decree of foreclosure of the mortgage becomes a final decree when the sale thereon is confirmed, so that the statute contemplates two decrees, and the words in the statute, "after a decree is rendered thereon," must be construed to mean the decree of foreclosure, rendered

on the mortgage.    When we consider the purpose of the statute requiring the permission of the court in which the action is pending, this construction of the statute becomes necessary.    Section 8259 requires the plaintiff in foreclosure to allege and prove that no proceeding at law has been had to recover the debt, or if such proceeding is had it must be finally determined and disposed of before an action for foreclosure can be sustained.    These two sections of the statute, construed together, are plainly intended to protect the defendant against the pendency of two actions at the same time, one for the foreclosure and the other for the recovery of the debt.    The reason of these provisions has no application whatever to a deficiency judgment.    After the decree on the foreclosure proceedings until the sale is made and confirmed by the court, the defendant is protected against any action in another court for the recovery of the debt.    The judgment for a deficiency is a final and independent judgment upon the debt itself, and when such judgment is entered all questions in regard to the indebtedness are settled and the defendant is no longer in litigation in regard thereto.

3.    It appears that the plaintiff applied to the United States court to revive the deficiency judgment, but afterwards dismissed that application, and it cannot therefore affect the question presented here.

The judgment of the district court is in harmony with the views above expressed, and is therefore

AFFIRMED.

FAWCETT, J., not sitting.