Armstrong v. Patterson.

---

W. F. H. ARMSTRONG, TRUSTEE, ET AL., APPELLEES, v. DAVID C. PATTERSON, APPELLANT.

FILED APRIL 3, 1915.   No. 17,884.

Limitation of Actions: DOMESTIC JUDGMENTS. A domestic judgment is a specialty within the meaning of section 10 of the code (Rev. St. 1913, sec. 7567), and an action thereon is barred by the statute

of limitations after five years from the date of the judgment. *Snell v. Rue,* 72 Neb. 571, overruled.

REHEARING of case reported *ante,* p. 229. *Former judgment of affirmance vacated and judgment of district court reversed and action dismissed.*

*T. L. Norval* and *M. O. Cunningham* appeared on rehearing as additional counsel, *amici curiæ.*

SEDGWICK, J.

Our former opinion in this case *ante,* p. 229, followed *Snell v. Rue,* 72 Neb. 571, reluctantly, to be sure, but under the impression that "to establish such a limitation now would be legislation, and is not within the province of the courts." A rehearing was had, and we have been greatly assisted by eminent counsel as well as by the defendant himself. It appears that in *Snell v. Rue, supra,* the contention was that actions on domestic judgments were limited by section 16 of the code: "An action for relief not hereinbefore provided for, can only be brought within four years after the cause of action shall have accrued." Code, sec. 16. Whether a domestic judgment is a specialty within the meaning of section 10 of the code was not much considered. In the opinion it is said: "Where the right of enforcement of a judgment by execution still exists after the bar which it is claimed the statute interposes to an action has taken effect, the bar is of no avail so far as preventing the collection of the debt is concerned. Hence the statute fails of its purpose as a statute of repose. We cannot believe that the legislature intended to fix such a short time (four years) within which an action upon a domestic judgment might be maintained, and at the same time leave the judgment open to enforcement by execution." This appears to be the only point that was insisted upon or presented in the brief of counsel in that case. The court, by way of argument, referred to *Tyler's Ex'rs v. Winslow,* 15 Ohio St. 364, with apparent approval, but not with the purpose of deciding whether such judgment is a specialty. In our former opinion herein, it was suggested

Armstrong v. Patterson.

that *Tyler's Ex'rs v. Winslow* had since been greatly discredited, if not overruled, by later decisions of that court, and we affirmed the judgment of the district court because it appeared that our former decision had been followed, and under the supposition that greater harm would come from overruling *Snell v. Rue* than would ensue from upholding it until the legislature could establish a more reasonable rule. There seems to be some inconsistency in providing by statute that an action on a domestic judgment is barred in five years, and that it may nevertheless be revived and enforced at any time within ten years. But this inconsistency is not so great as to provide that there is no limitation, and that an action can be maintained thereon when it has been dormant for a length of time "whereof the memory of man runneth not to the contrary." We are, upon further consideration, convinced that the legislature never intended to remove all limitations of such actions, and that such judgment must be regarded as a specialty within the meaning of section 10 of the code (Rev. St. 1913, sec. 7567). *Snell v. Rue,* 72 Neb. 571, is overruled.

Our former judgment is vacated, and the judgment of the district court is reversed and the action dismissed.

REVERSED AND DISMISSED.