Edward P. Holmes, appellee, v. Joseph R. Webster et al., appellants.

Filed April 3, 1915. No. 18018.

1. **Creditors' Suit.** There must be a valid and enforceable judgment as a basis for a creditor's suit to set aside an alleged fraudulent transfer of real estate.

2. Judgment: REVIVOR. A judgment of the federal court, when dormant, can only be revived in the court where it was rendered.

3. Limitation of Actions: DOMESTIC JUDGMENT. No action can be maintained on a domestic judgment which is dormant and has not .been properly revived, unless commenced within five years after the judgment was rendered.

APPEAL from the district court for Lancaster county: P. JAMES COSGRAVE, JUDGE. *Reversed and dismissed.*

H. F. Rose, and C. S. Allen, for appellants.

J. A. Brown, contra.

BARNES, J.

Appeal from a decree of the district court for Lancaster county in a creditor's suit to subject certain real estate to the payment of a judgment or decree of the federal court for the district of Nebraska.

The record discloses that the judgment of the federal court, which is the basis of the decree herein, was rendered on April 16, 1894. Fourteen years after the judgment was rendered in the federal court, the plaintiff in this case procured a certified transcript thereof from the clerk of that court and caused it to be filed in the office of the clerk of the district court for Lancaster county. Thereafter the plaintiff commenced proceedings in the state court to revive the judgment. The defendant Joseph R. Webster entered a special appearance objecting to the jurisdiction of the court. His objections were overruled, and he did not further appear. The state court entered an order reviving the judgment, and on the 20th day of May, 1909, Holmes filed his petition in this case, setting forth, in substance, the foregoing facts, and alleging the facts which he claimed enabled him to enforce the judgment, and further alleging that defendant Joseph R. Webster had fraudulently conveyed his property. He prayed for a decree setting aside the deeds and subjecting the real estate to sale for the purpose of paying the amount due him upon the judgment rendered by the federal court. To the petition the defendants, Joseph R. Webster and Joy L. Web-

ster, filed separate answers challenging the validity of the judgment of the federal court, the order of revivor entered by the state court, denying fraud in the conveyance, and all of the other allegations of plaintiff's petition. A trial resulted in a finding and judgment for the plaintiff, and the defendants have appealed.

Appellants strenuously contend that the decree is not sustained by the evidence and is contrary to law. As a basis for a creditor's suit, the plaintiff must have a valid and enforceable judgment against the principal defendant, and without the existence of such a judgment his action must fail. The judgment of the federal court, which is the basis of this suit, was rendered more than 14 years before it was transcribed to the district court for Lancaster county. No execution had ever been issued thereon, and no proceedings had ever been instituted to revive it. After it was transcribed to the state court, there was an attempt, in that court, to revive the judgment. The defendant objected to the jurisdiction of the court to make an order of revivor, and, as we view the question the objection should have been sustained. In *Case Threshing Machine Co. v. Edmisten*, 85 Neb. 272, it was said: "A district court in which the transcript of a judgment of another district court has been filed is without authority to revive the judgment by the statutory method of revival created by section 473 of the Code, such power remaining in the court of original jurisdiction." We have recently overruled *Snell v. Rue*, 72 Neb. 571 (see *Armstrong v. Patterson*, 97 Neb. 229), and held that a judgment is barred by the statute of limitations after five years, and no action can be maintained on such a judgment. It follows that, the judgment not having been revived, the action thereon is barred by the statute of limitations, and the decree complained of cannot be sustained.

The judgment of the district court is reversed and the plaintiff's action is dismissed.

REVERSED AND DISMISSED.

LETTON and ROSE, JJ., not sitting.