FLORA R. FISHER, APPELLEE, v. NELLIE WOODARD ET AL., APPELLANTS.

FILED MARCH 1, 1919.    No. 20356.

1. **Fraudulent Conveyances: BULK SALES LAW: CLAIMS.** There must be a valid and enforceable claim as a basis for recovery by a creditor for an alleged violation of the bulk sales law, namely, section 2651, Rev. St. 1913.

2. **Limitation of Actions: DOMESTIC JUDGMENT.** A domestic judgment is a specialty within the meaning of section 7567, Rev. St. 1913, and an action thereon is barred by the statute of limitations after five years from the date of the judgment.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Reversed.*

*E. D. Crites, F. A. Crites* and *Fawcett, Mockett & Walford*, for appellants.

*John B. Barnes, Allen G. Fisher, William P. Rooney* and *George W. Plantz*, contra.

DEAN, J.

Plaintiff recovered a judgment for $3,044.16 against Mrs. Hayward, for alleged violation of the bulk sales law, namely, section 2651, Rev. St. 1913. The defendants appealed.

The principal facts appear in the excerpts from the court's findings that are hereinafter noted. The defendants are sisters. Mrs. Woodard was for many years engaged in the retail dry-goods business at Chadron. On May 12, 1911, she sold her stock of merchandise in

bulk to Mrs. Hayward, a creditor, "for *bona fide* indebtedness, then subsisting and unpaid, in the sum of $2,500." The merchandise was then of the reasonable value of $3,000. It was pointed out by defendants that the testimony of Mrs. Hayward to the effect that she made her purchase in good faith, for full value and without knowledge of plaintiff's claim, was not disputed by any witness.

On January 24, 1908, plaintiff became the owner by assignment of "a judgment on deficiency against the defendant Nellie Woodard in the sum of $2,277.60." The debt represented by the judgment was "contracted prior to the said Woodard having engaged in the mercantile business, and was not contracted for merchandise furnished or money used by her in such mercantile business." The Woodard judgment, as the language of the court implies, was rendered in a foreclosure proceeding. The court specifically found that "the said judgment became dormant on the 31st day of January, A. D. 1913, and has ever since remained dormant, and that no revivor proceedings have ever been instituted or prosecuted thereon, and said judgment has not been revived."

The court found that Mrs. Woodard was owing $2,410.30 to wholesale dealers for merchandise at the time she sold her stock of goods, and that these debts were subsequently paid by Mrs. Hayward, but the plaintiff's judgment debt was not paid, nor was the notice of the sale to Mrs. Hayward served on plaintiff that the bulk sales law contemplates shall be given to creditors.

The court also found that, "Notwithstanding the fact that such judgment is dormant, the said plaintiff is entitled to enforce the same in this suit, and is a creditor of the defendant Woodard, and that said sale to the defendant Hayward was void as against the plaintiff under said 'Bulk Sales Law;' that plaintiff is entitled to a judgment or decree against the defendant Hayward for the value of said goods so converted."

Fisher v. Woodard.

In *Armstrong v. Patterson*, 97 Neb. 871, it was held that a domestic judgment is a specialty under section 7567, Rev. St. 1913, and that an action thereon.is barred by the statute of limitations after five years. To the same effect is *Holmes v. Webster*, 98 Neb. 105. The *Armstrong* case involved the status of a dormant deficiency judgment that was obtained in a foreclosure proceeding. The record in the present case supports the court's finding that the deficiency judgment involved here was dormant before this action was commenced. In fact the Woodard judgment became dormant more than two years before plaintiff's petition was filed. It follows that this suit cannot be maintained. In view of our former decisions, the court erred in rendering a judgment in favor of plaintiff.

The judgment is therefore reversed and the cause remanded.

REVERSED.

SEDGWICK and CORNISH, JJ., not sitting.

The following motion to modify judgment was filed April 7, 1919. *Former judgment of reversal modified and judgment of district court reversed and cause dismissed.*

PER CURIAM.

A motion has been made by defendant Woodard to modify the judgment in this court by providing that the action be dismissed here instead of being remanded to the district court. Since the opinion demonstrates that the judgment on which the action was based is dormant, and that no cause of action under the bulk sales law exists, the motion is sustained and the judgment modified accordingly.

ACTION DISMISSED.