No. 10,691.

ROSS v. MILLER.

Decided March 3, 1924.

Action on judgment. Judgment for plaintiff.

*Affirmed.*

1. LIMITATION OF ACTIONS—*Statute of Limitations—Judgments.* While judgments for some purposes have been classed as contracts, they are not generally so held in applying statutes of limitation.

2. STATUTES—*Construction.* The maxim "*Expressio unius est exclusio alterius,* held to apply to § 6392, C. L. '21, concerning limitation of actions.

3. JUDGMENTS—*Limitation.* In an action on a domestic judgment nearly twenty years old, it is held that the six-year statute of limitations did not apply.

*Error to the District Court of the City and County of Denver, Hon. Henry J. Hersey, Judge.*

Mr. W. R. RAMSEY, for plaintiff in error.

Mr. V. H. MILLER, pro se.

*En banc.*

Mr. Chief Justice Teller delivered the opinion of the court.

The defendant in error, as assignee of a domestic judgment against plaintiff in error, brought suit on it, and had judgment. The judgment sued on was nearly twenty years old, when this action was begun. The defendant pleaded the statute of limitations, and the question before us now is as to the correctness of the ruling of the court in rejecting that plea.

Plaintiff in error contends that the action is barred by the six-year statute of limitations, section 6392, C. L. 1921, which reads, in part, as follows: "The following actions shall be commenced within six years, next after the cause of action shall accrue and not afterwards: First. All actions of debt founded upon any contract or liability in action. Second. All actions upon judgments rendered in any court not being a court of record."

The contention is that an action on a judgment is an action of debt, that a judgment is a contract, hence an action on a judgment is an "action of debt, founded upon contract." While it is true that judgments have been, for some purposes, classed as contracts, they are not generally so held in applying statutes of limitation. *Niblack v. Goodman,* 67 Ind. 174; *David v. Porter,* 51 Iowa, 254, 1 N. W. 528; *Tyler's Ex'rs v. Winslow,* 15 Ohio St. 364; *Ambler v. Whipple,* 139 Ill. 311, 28 N. E. 841, 32 Am. St. Rep. 202; 23 Cyc. 1508.

The conclusive answer to this contention is found in the second paragraph of the section which names "judgments rendered in any court not being a court of record," as within the six years limitation. If judgments of all kinds are included in the word "contracts", this second paragraph is wholly unnecessary, and has no place in the law. It cannot be supposed that the legislature specified a particular kind of judgment without a purpose in so doing. *Expressio unius est exclusio alterius.* Moreover, a right of action on a judgment is not ordinarily spoken of as "accruing." In the Ohio case cited, *supra,* it is said: "It can hardly be

supposed that, without any specific provision to that effect, it was understood that the merging of a cause or right of action, as ordinarily understood, in a judgment, was the accruing of a cause of action. . Surely the object of adjudicating a claim or 'cause of action,' and the rendition of judgment thereon, is not to mature, or 'accrue,' a right of action; but to terminate a cause of action in a judgment finally determining the rights of the parties, and to secure the remedies that follow a judgment."

The trial court was right in holding the plea of the statute of limitations ineffectual, and the judgment is accordingly affirmed.