SWIFT & CO., Respondent, *v.* WESTON, Appellant.

(No. 6,593.)

(Submitted March 7, 1930. Decided April 18, 1930. Opinion on Motion for Rehearing Filed July 11, 1930.)

[289 Pac. 1035.]

*Mr. Raymond E. Dockery* and *Messrs. Belden & DeKalb,* for Appellant, submitted a brief; *Mr. O. W. Belden* argued the cause orally.

*Mr. Ralph J. Anderson,* for Respondent, submitted a brief and argued the cause orally.

44

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by the plaintiff to recover from the defendant the sum of $711.25, together with interest thereon at the rate of seven per cent from the fifth day of July, 1921, and costs of suit upon a judgment rendered by the county court of Box Butte county, Nebraska, in favor of plaintiff and against the defendant, entered on the fifth day of July, 1921. The defendant's answer denies the entry of the judgment for want of jurisdiction, and disclaims knowledge of the entry of the judgment and alleges among other things by way of further affirmative defense, that if any judgment is recorded against her in the Nebraska court it has been dormant and unenforceable by final process ever since the sixth day of July, 1926, by reason of the provisions of section 1480 of Cobbey's Annotated Statutes of Nebraska, then and now in force and effect, providing that if an execution be not sued out upon the judgment within five years from its date or where five years intervene between the date of the last execution and the time of issuing another, the judgment shall be con-

sidered dormant. In this connection it is alleged that no execution was ever issued on the judgment, and it is therefore now dormant and unenforceable under the Nebraska statutes which are pleaded, and that the judgment has never been revived in the manner provided by the laws of Nebraska. The plaintiff's reply put in issue the statutes of Nebraska. The cause being at issue was regularly brought on for trial, on March 13, 1929, before a jury, some of the issues being established in plaintiff's favor through stipulation. At the conclusion of the trial, the jury were by the court duly instructed, and returned a verdict in favor of plaintiff for the sum of $1,192.56, covering the amount of the Nebraska judgment, interest and costs of suit. Judgment was entered upon the verdict from which the defendant has appealed.

The only question presented in disposition of this appeal is whether or not a dormant judgment of the sister state of Nebraska may be made the basis of this action in Montana.

We approach decision of the question presented bearing in mind the fundamental rules that full faith and credit shall be given to the judicial proceedings of a sister state (sec. 1, Art. IV, Const. U. S.), and that the vadidity of a judgment must be determined by the laws of the state where rendered. (*Adams* v. *Stenehjem,* 50 Mont. 232, 146 Pac. 469.) It must be given the same effect in this state as it has under the laws of the state where rendered. (*Mahoney* v. *State Ins. Co.,* 133 Iowa, 570, 9 L. R. A. (n. s.) 490, 110 N. W. 1041.)

The statute of Nebraska pleaded provides: "If execution shall not be sued out within five years from the date of any judgment that now is or may hereafter be rendered in any court of record in this state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor." (Sec. 1480, Cobbey's Ann. Stats. Neb. 1903.) And: "If a judgment become dormant, it may be revived in the

same manner* as is prescribed for reviving actions before judgment." (Sec. 1463, Id.)

At the trial it was stipulated between the parties "that no execution was ever issued on the judgment sued upon in this action; and further that no action or proceeding of any nature whatsoever has ever been instituted in the courts of Nebraska for the revival of said judgment or upon said judgment." The record does not show when this action was instituted; however it appears that the plaintiff's amended complaint was filed on August 7, 1928, a little more than seven years after the rendition of the Nebraska judgment sued upon.

Our Montana statute (sec. 9028, Rev. Codes 1921) gives a right of action on a judgment within ten years; whereas, the lien of a judgment is expressly limited to six years. (Id., 9410; *Marlowe* v. *Missoula Gas Co.*, 68 Mont. 372, 219 Pac. 1111.) However, it is manifest that if the action is barred in Nebraska, it cannot be given greater efficacy here than would be accorded it there. It is fundamental that a foreign judgment cannot be given greater force or effect than is accorded it in the state where rendered. (34 C. J. 1106; *Adams* v. *Stenehjem,* supra.)

In construing and applying the statutes pleaded the supreme court of Nebraska has held that section 1480, above, is a statute of limitations and that an action on a judgment is barred in Nebraska after the lapse of five years. (*Armstrong* v. *Patterson,* 97 Neb. 871, 152 N. W. 311; *Holmes* v. *Webster,* 98 Neb. 105, 152 N. W. 312, 313.) In the cases above cited we find that the supreme court of Nebraska has expressly overruled its former decision, previously followed, in the case of *Snell* v. *Rue,* 72 Neb. 571, 117 Am. St. Rep. 813, 101 N. W. 10. In the construction and application of the statutes of Nebraska, the last conclusions reached by the supreme court of that state are controlling upon this court, even though we were to entertain different views respecting the proper construction to be placed upon the language employed.

Since the action could not be successfully maintained in the Nebraska courts upon a plea of bar by limitation, the same

defense here pleaded precludes a recovery. Accordingly, the judgment rendered was erroneous. The petition for a rehearing having served its useful purpose, a rehearing is denied. The former opinion is withdrawn and this one substituted.

The judgment is reversed and the cause remanded to the district court of Fergus county, with direction to enter judgment dismissing the plaintiff's complaint. Remittitur will issue forthwith.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS and FORD concur.

MR. JUSTICE ANGSTMAN, Dissenting: In this action the only statutes of the state of Nebraska pleaded in the answer are sections 1480 and 1463, quoted in the majority opinion. The cases of *Armstrong* v. *Patterson,* 97 Neb. 871, 152 N. W. 311, and *Holmes* v. *Webster,* 98 Neb. 105, 152 N. W. 312, 313, do not hold, as stated in the majority opinion, that section 1480 bars action on a domestic judgment in five years. In those cases the court was considering sections 7566 and 7567, Revised Statutes of Nebraska 1913, which provide: (7566) "Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued." (7567) "Within five years, an action upon a specialty, or any agreement, contract or promise in writing, or foreign judgment." It was held in those cases that, because of section 7567, an action on a judgment is barred in Nebraska after five years from its rendition.

Section 7567 was not here pleaded, but, if it may be noticed judicially, then likewise section 7577, Nebraska Revised Statutes of 1913, should receive judicial notice. That section provides: "If, when a cause of action accrues against a person, he be out of the state, or shall have absconded or concealed himself, the period limited for the commencement of the action shall not begin to run until he come into the state, or while he is absconded or concealed; and if, after the cause

of action accrues, he depart from the state, or abscond or conceal himself, the time of his absence or concealment shall not be computed as any part of the period within which the action must be brought." Here the record discloses that defendant has not resided or been in the state of Nebraska since the rendition of this judgment, except for two or three months.

By the great weight of authority, under statutes such as section 7577, absence of the judgment debtor from the state tolls the running of the statute of limitations in an action on a judgment. The cases pro and con are listed in the carefully considered and well-prepared opinion of Mr. Justice Burke, speaking for the supreme court of North Dakota in *Union Nat. Bank of Grand Forks* v. *Ryan*, 23 N. D. 482, Ann. Cas. 1914D, 741, 137 N. W. 449.

When all the statutes of Nebraska are considered in the light of the facts here shown, the judgment in question is not barred by limitations by the laws of that state. I have considered this question from the point of view entertained by the majority that the laws of Nebraska control as to the statute of limitations, although the rule seems to be that the question whether a judgment is barred by limitations must be determined by the laws of the forum. (34 C. J. 1109.) But, whichever law should be applied, the result is the same. Action on the judgment is not barred by either the laws of Nebraska or Montana, under the facts here shown.

Has plaintiff the right to maintain an action on the judgment? I think it has. The supreme court of Nebraska, in *Snell* v. *Rue*, 72 Neb. 571, 117 Am. St. Rep. 813, 101 N. W. 10, 11, said: "The right to prosecute revivor proceedings and the right to maintain an action upon the judgment are merely cumulative remedies. The plaintiff may have either or both, as he sees fit." While the *Snell Case* has been overruled by the *Armstrong* and *Holmes Cases,* in so far as the applicable statute of limitations is concerned, there has been no departure from the rule announced in it that the remedies are cumulative. Should revivor proceedings be instituted, that must be done in the court rendering the judgment. (*Holmes* v.

*Webster,* supra.) But the right to maintain action is not thus restricted. The supreme court of Iowa, under the identical Nebraska statutes here involved, in *Chaloupka* v. *Martin,* 179 Iowa, 1173, 162 N. W. 567, where the Nebraska decisions were considered, held that action may be maintained in Iowa on a judgment rendered in Nebraska even though the judgment had become dormant under the laws of the state where rendered. I think the conclusion there reached was correct and that the principles stated in the opinion of the court have application here. In my opinion the correct conclusion was announced in the first opinion promulgated herein, and the judgment should be affirmed.